JAMES MINGAY et al., Respondents, *v.* THE HOLLY MANUFACTURING COMPANY, impleaded, etc., Appellant.

Where, in an action brought by tax payers to have a contract made by a municipal corporation, by which it agreed to pay a sum specified for the performance of certain work, declared invalid, the plaintiff was defeated and judgment was rendered in favor of the contractor with the corporation, adjudging the contract to be valid, and that it had been performed by the contractor,—*Held,* that " the value of the subject-matter involved " (Code of Civ. Pro., § 3253) was, for the purposes of computing an extra allowance, the contract price for the work, not simply the profits made thereon.

*O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.* (63 N. Y. 176), *A. D. Co.* v. *Libby* (45 id. 499), *Conaughty* v. *S. C. Bank* (92 id. 401), distinguished.

(Argued April 28, 1885; decided June 9, 1885.)

APPEAL from order of the General Term of the Supreme Court, made November 28, 1884, which reversed an order of Special Term granting an extra allowance to defendant, the Holly Manufacturing Company.

The plaintiffs as tax payers of the village of Saratoga Springs brought this action against the Holly Manufacturing Com-

pany, the village of Saratoga Springs and the board of water commissioners, alleging that the manufacturing company and the board of water commissioners had assumed to enter into a contract under which the company was to erect certain pumping and other water machinery in the village, and do a certain amount of work thereon, and if accepted by the commissioners the village should pay the company $31,000 therefor, in four quarterly installments; that the contract was *ultra vires* and void, and praying an injunction, etc., and that any money paid thereon be refunded. Upon the trial the defendant succeeded, and the court granted the Holly Company $840, extra allowance.

*Esek Cowen* for appellant. The value of the subject-matter involved in the action was the proper basis for computing the extra allowance. (*Comins* v. *Sup'rs Jefferson Co.*, 3 T. & C. 296; 64 N. Y. 626.)

*Matthew Hale* for respondents. As there was no proof of the value of the contract sought to be set aside there is nothing upon which an allowance can be based. (*Meyer* v. *Rasquin*, 20 Week. Dig. 98; *Conaughty* v. *S. Co. Bk.*, 92 N. Y. 401; *People* v. *N. Y. & S. I. F. Co.*, 68 id. 72; *Spofford* v. *T. L. Co.*, 9 J. & S. 228; *People* v. *Rockaway Co.*, 28 Hun, 356; *Atlantic D. Co.* v. *Libby*, 45 N. Y. 504; *Musgrave* v. *Shirwood*, 29 Hun, 476; *People* v. *G. V. C. R. R.*, 30 id. 565; *Weaver* v. *Ely*, 83 N. Y. 89; *Potter* v. *Farrington*, 24 Hun, 551; *O. & L. R. R. Co.* v. *V. C. R. R. Co.*, 63 N. Y. 176; *Rank* v. *Grote*, 18 J. & S. 275; *Sheehy* v. *Kelly*, 33 Hun, 543. The thing involved was simply the contract. (92 N. Y. 402.) The claim stated in the complaint was indefinite and to be determined only by the result. (83 N. Y. 89.) The right to make an extra allowance being a matter of discretion, the Court of Appeals has no power to review the exercise of that discretion or to examine as to the merits or amount of allowance. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y. 418; *Howell* v. *Mills*, 53 id. 322; *Allen* v. *Meyer*, 73 id. 1; *Liddell* v. *Paton*, 67 id. 393;

*Cushman* v. *Brundett,* 50 id. 296; *Platt* v. *Platt,* 66 id. 360; *Gedney* v. *Purdy,* 47 id. 676.)

ANDREWS, J. The subject-matter involved in the action was the validity of the contract between the water commissioners and the Holly Company. But the sole object of the plaintiffs in impeaching the contract was to get rid of the obligation imposed thereby upon the water commissioners representing the village of Saratoga Springs, to pay the Holly Company the sum of $31,000, upon performance of the contract on its part, and the acceptance of such performance, by the water commissioners. If the contract was valid, this sum, on the completion and acceptance of the work, would constitute a debt against the village of Saratoga Springs. The plaintiffs brought the action as tax payers, and alleged in their complaint that the contract was made in violation of the village charter, that the company had not performed it in certain respects, and was fraudulently colluding with the water commissioners to have the latter accept the work. The village of Saratoga Springs and the water commissioners were joined as parties defendant with the Holly Company. The complaint prayed judgment declaring the contract void, and enjoining the water commissioners from taking any further steps to carry it out, and for the repayment to the village of any money paid thereon. The plaintiffs failed in the action, and judgment was rendered in favor of the Holly Company, establishing the validity of the contract and adjudging (as is inferred) that the company had performed the contract on its part. The General Term reversed the order of the Special Term granting an extra allowance, on the ground that the value of the contract to the Holly Company, that is to say the profits the company would have made if the contract had been performed on both sides, or in other words the difference between the contract price and the value of the labor and machinery furnished by the company under the contract, was the only basis for an extra allowance, and that as no proof was given upon this point, no allowance could be made.

We are of opinion that the court erred in this conclusion.

The Code (§ 3253) authorizes an extra allowance in certain cases, " not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved." There was no sum recovered or claimed so as to bring the case within the first clause of the section. But a pecuniary right was directly involved in the action, and the value of that right was, we think, the basis for an allowance under the last clause. It is immaterial that the form of the action and the relief sought would not authorize a money judgment in favor of either party. The plaintiff sought to avoid a contract providing for the payment to the Holly Company for machinery furnished, etc., and to prevent the water commissioners from accepting performance under the terms of the contract, and thereby imposing upon the village an obligation to pay the contract price. The only interest the plaintiffs had, or which they asserted, was to relieve the village from the obligation of the contract. The village was made a party defendant so that a judgment setting aside the contract would have been conclusive in favor of the village as to its liability to the Holly Company. On the other hand, the judgment actually rendered was conclusive in favor of the Holly Company as to the validity of the contract, and its right to demand and receive the $31,000 agreed to be paid. If the Holly Company, upon completing its contract, had sued for the consideration, and had recovered, there can be no doubt that an allowance, if granted, would have been computed on the whole recovery, and not merely on the profits, or the excess of the contract price over the cost of the work and machinery. It would have been no answer that the company, on non-payment, might have removed the machinery and limited its loss thereon to the difference between its actual and contract value. So if the Holly Company had been defeated in an action on the contract, the whole claim would have been the basis of computation for an allowance to the defendant. The real question litigated was whether the Holly Company was entitled to enforce the contract of payment made by the water commissioners, and its right having

been established, the contract price for the purpose of computing the allowance, was, we think, the subject-matter involved, and not the mere profits on the contract.

The conclusion is not in conflict with the decided cases. It was held in *O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.* (63 N. Y. 176), which was an action by lessor against lessee to set aside a lease as *ultra vires*, in which judgment was rendered for the defendant, that the value of the lease, and not the value of the leased premises or the amount of rent reserved, was the basis for the allowance. The lessee acquired, by the terms of the lease, the right to the use of the plaintiff's road for the time specified, on payment of an annual rental. The plaintiff sought to deprive the defendant of the benefit of the lease, and if it had succeeded in the action the defendant's loss would have been the value of the use over and above the stipulated rent. In the present case, the contract entitled the Holly Company to a gross sum, of which it would have been deprived if the action had been maintained. It was not merely the profits on the contract, but the right to the whole purchase-price which was involved in the litigation. In *Atlantic Dock Co.* v. *Libby* (45 N. Y. 499), the whole value of the premises was clearly not involved in an action to restrain a particular use. In *Conaughty* v. *Saratoga County Bank* (92 N. Y. 401), it was decided that in an action to forfeit the franchise of a banking corporation, the value of the franchise, and not the amount of capital or assets of the bank, was the basis for an extra allowance.

We think the order of the General Term should be reversed, but the court below having disposed of the case on a question of law, in respect to which we are constrained to differ from its conclusion, without passing upon the correctness of the allowance on the merits, the case should be remitted to the General Term for further consideration.

All concur.

Ordered accordingly.