## AURORA AND BUFFALO PLANK ROAD COMPANY, Respondent, *v.* LOUIS SCHROT, Appellant.

*Plank road— chap.* 566 *of* 1890 *applies only to turnpikes organized under the general act — extension of charter — when a right to collect tolls will be implied.*

Chapter 566 of the Laws of 1890, entitled "An act in relation to transportation corporations, excepting railroads, constituting chapter 40 of the General Laws," only applies to turnpikes organized under the General Turnpike Act.

In an action brought by a plank road company to recover tolls for the use of its road, it appeared that the plaintiff was a domestic corporation created under chapter 191 of the Laws of 1846, and the several acts amendatory thereof and supplemental thereto; that the defendant resided within one-half mile of a toll gate of the plaintiff and passed through said gate without paying toll while not going to any grist mill, church or religious meeting, or engaged in the transportation of other persons or property.

It further appeared that the plaintiff's charter was extended by chapter 137 of the Laws of 1863, and further extended by virtue of a resolution of the board of supervisors of the county pursuant to chapter 135 of the Laws of 1876, as amended by chapter 253 of the Laws of 1879. Chapter 137 of the Laws of 1863 provided that all the general laws of the State should remain in force and binding upon the plaintiff during the extended term, and did not in terms confer upon the plaintiff the right to collect tolls during the extended period.

*Held,* that it was not the intention of the Legislature to grant to said company simply the right at its own expense to maintain a plank road for the accommodation of the public, without having the right to reimburse itself by collecting tolls;

That the right to collect tolls was implied in the extension granted by the act, and that the defendant was not entitled to exemption from paying the tolls in question.

APPEAL by the defendant, Louis Schrot, from a judgment of the County Court of Erie county, entered in the office of the clerk of the county of Erie on the 28th day of March, 1895, reversing a judgment rendered by a justice of the peace of the town of West Seneca in the county of Erie.

*George C. Miller,* for the appellant.

*F. J. Blackmon,* for the respondent.

LEWIS, J.:

This action was brought in a Justice's Court, in the year 1894, to recover of the defendant seventeen dollars and thirty-five cents,

claimed to be due from him in tolls for the use of the plaintiff's plankroad.

The justice rendered a judgment for the defendant. His judgment was reversed by the County Court, and an appeal was taken from the County Court to this court. The facts were stipulated before the justice as follows:

" That plaintiff is a domestic corporation, created under chapter 191 of the Laws of 1846, and the several acts amendatory thereof and supplementary thereto; that the plaintiff has five continuous miles of plankroad, and has maintained a toll gate for more than ten years for the collection of tolls; that the defendant resides within one-half mile of said toll gate, and has so resided there for two years; that the defendant has passed through said gate, and would, if liable for the tolls at said gate, be liable to the plaintiff to the amount of seventeen dollars and thirty-five cents; that in passing said gate defendant was not going to any grist mill, church or religious meeting, or engaged in the transportation of other persons or property.

" That the plaintiff has demanded said toll of the defendant.

" The plaintiff's charter was extended by chapter 137 of the Laws of 1863 to May 11, 1888; that by the provisions of chapter 135 of the Laws of 1876, as amended by chapter 253 of the Laws of 1879, the existence of said corporation was continued, by virtue of a resolution of the board of supervisors, for twenty-one additional years."

Section 8 of the act of 1846, incorporating the plaintiff, provided that whenever any five continuous miles of road should be completed it should be lawful for the board of directors to cause a toll gate to be erected, at which the company was authorized to demand and receive toll, not exceeding, for a vehicle drawn by one animal, three cents; if drawn by more than one animal, for every such additional animal, three cents, etc.

The act of 1863, extending the corporate life of the plaintiff, provided that all the general laws of the State should remain in force and binding upon the plaintiff during the extended term. A general act for the incorporation and government of plankroad and turnpike road companies was passed in 1847 (Chap. 210).

By section 35 of that act plankroads incorporated under it were authorized to erect toll gates upon their road, but not within three miles of each other, and demand and receive toll as follows: For a

vehicle drawn by one animal, three-quarters of a cent per mile; for a vehicle drawn by two animals, one and one-half cents per mile; and for any vehicle drawn by more than two animals, one-half cent per mile for every additional animal.  The act under which the plaintiff was incorporated does not seem in any manner to have been altered or affected by the act of 1847.

The appellant contends that the act extending the corporate life of the plaintiff gave to it simply and only the right to exist as a corporation and not the right to collect toll.  He bases this contention upon the fact that the act of 1863 did not in terms confer upon the plaintiff the right to continue to collect tolls during the extended period.  We do not think that it was the intention of the Legislature to grant to the plaintiff simply the right, at its own expense, to maintain a plankroad for the accommodation of the public without having the right to reimburse itself by collecting tolls.  The right to collect tolls was unquestionably implied in the extension mentioned.

Article 9 of chapter 566 of the Laws of 1890, entitled "An act in relation to transportation corporations, excepting railroads, constituting chapter 40 of the General Laws," provides for the incorporation of turnpike, plankroad and bridge companies.  Its provisions are very similar to those of the act of 1847.  It provides that five or more persons may become a corporation for the purpose of constructing, maintaining and owning a plankroad.  Various provisions are contained in the act to which the incorporators are required to conform before they are entitled to collect toll.  Among others, they are required to obtain a certificate of the commissioners of highways of the town of the completion of five consecutive miles of road; upon filing such certificate in the office of the county clerk, the company is authorized to erect toll gates and demand and receive certain rates of toll which are fixed by the act.  At the end of the section fixing the rates of toll is the following : "No tolls shall be charged or collected at any gate from any person going to or from public worship, a funeral, school, town meeting or election at which he is a voter to cast his vote, a military parade which he is required by law to attend, any court which he shall be required to attend as a juror or witness, and when going to or from his legally required work upon any public highway, persons living within one mile of the gate by the most usually traveled road, when not engaged in the

transportation of other persons or property, and troops in the actual service of this State or of the United States."

It is the contention of the appellant that this provision of the act of 1890 quoted applies to the plaintiff, and that he was entitled to exemption under the clause exempting persons living within one mile of the gate by the most usually traveled road, it being conceded that he was not engaged in the transportation of other persons or property when passing the gate at the times for which the plaintiff seeks to recover toll. The only exemptions from paying toll provided by the act incorporating the plaintiff were in favor of persons living within one mile of the toll gate, when they were going to or returning from a grist mill, church or religious meeting. The act of 1890, referred to, was amended in 1892, but no change seems to have been made in the article relating to plankroads.

It is apparent, from an examination of the article in question (Art. 9 of chap. 566 of the Laws of 1890), that not any of its many provisions which precede the exemption clause have any application to the plaintiff; neither does the first part of the section containing said clause.

Had it been the intention of the statutory revisers that the exemption clause of the act of 1890 should apply to the plaintiff they would undoubtedly have made it into a separate section, and they would have used language clearly indicating such intention, while the language of the section providing for exemptions is general to the effect that toll shall not be collected of such persons at any gate. We are of the opinion that it applies only to gates upon roads organized under the general act. The act under which the plaintiff was incorporated is not included in the schedule of laws repealed by the act of 1890. Some general acts have been passed in reference to plankroads which apply to the plaintiff. An act passed in 1850, providing that no plankroad or turnpike road company should thereafter erect or put up a hoist gate on its road, was evidently general in its application, and applied to all the plankroads of the State, including the plaintiff, as did also the act of 1855, requiring all plankroad companies to make and file annual reports. It was such laws that were referred to in the clause of the act of 1863, providing that the general laws of the State should be binding upon the plaintiff.

We are of the opinion that the defendant was not entitled to the exemption from paying the tolls in question, and that upon the stipulated facts the plaintiff was entitled to recover the amount mentioned in the stipulation. It follows that the judgment of the County Court reversing the justice's judgment was correct, and should be affirmed, with costs of this appeal.

BRADLEY and WARD, JJ., concurred.

Judgment of the County Court affirmed, with costs.