1. TURNPIKES—TOLLS—GENERAL LAW—EXEMPTIONS—PERSONS LIVING WITHIN MILE OF TOLLGATE—SPECIAL ACT.

Under Laws 1847, c. 210, § 36, persons living within one mile of a turnpike tollgate were entitled to use such pike for half fare. A turnpike company was organized under this law, but, before its road was completed, Laws 1889, c. 490, was passed, authorizing it to exact specified toll from "every wagon, cart," etc., and from "every horse," etc., no distinction being made in favor of any class or person, though section 2 provided that such company should be subject to the same liabilities and restrictions of turnpike corporation as were then or might be provided by the general state statutes, "except as in this act otherwise provided." Held, that the company was not bound by the provision of the general act as to persons living within a mile of its gates, since the special act fully regulated the tolls to be charged by it, without any such distinction, thus bringing this subject within the exception contained in section 2 of the special act.

2. SAME—AMENDMENTS TO GENERAL LAW—RIGHTS UNDER SPECIAL ACT.

Laws 1890, c. 566, § 130, and Laws 1893, c. 538, amending the general law as to exemptions from paying turnpike tolls, being an amendment merely of the general act, and leaving the special act (Laws 1889, c. 490) unrepealed, such special act was not affected thereby, but remained in full effect, entitling the company to continue to charge tolls of all persons regardless of the distance of their residence from its gates.

Smith, J., dissenting.

Submitted controversy by the Monticello & Fallsburgh Turnpike Road Company against Ellsworth Leroy. Judgment for plaintiff. .

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

George Holmes Smith, for plaintiff.
John P. Roosa, Jr., for defendant.

PARKER, P. J. The plaintiff was organized as a turnpike company in April, 1889, under the provisions of chapter 210 of the Laws of 1847, and the several acts amendatory thereof. In June of that year a special act was passed in aid of such company, being chapter 490 of the Laws of 1889, and the company went on and completed its road in that year. It is five miles in length, leading from the village of Monticello to Fallsburgh station; and a tollgate at each end— which is permitted by such special act—was erected, the one within a half mile of Monticello, and the other within a half mile of Fallsburgh station.. The defendant, Leroy, resides at such station within a half mile of the tollgate at that end of the road, and has so resided for more than five years. On the 26th of November, 1901, he passed through such tollgate with a horse and wagon without paying any toll, and then and there refused to pay any, although the proper amount was demanded of him. And he placed his refusal upon the ground that, inasmuch as he resided within one-half mile of such gate, he was exempted from paying any tolls, under the provisions of section 130 of the transportation corporations law. The proceeding is instituted to recover the penalty of $10, given by section 132 of the latter act. It is conceded that, unless the defendant is exempted from paying any tolls at such gate because of his residence within one-half mile thereof, he is liable for the penalty claimed. If the plaintiff, when organized in 1889, had proceeded under the general statute of 1847, and the acts amending the same, it would have had the right to collect tolls at the rate of a certain sum per mile, as provided by section 36 of such act, except as against persons living within one mile of the gate it could have taken only one-half of such rates. Also, by such statute, certain persons—as, for instance, those going to church, as jurors, etc.—were exempted from the payment of any tolls. By the special act of June, 1889, instead of the rates so fixed by section 36, it was allowed to maintain a tollgate at each end of its road, and to exact at each gate, as tolls, 10 cents for "every wagon, cart," etc., "drawn by two horses, mules," etc., and for every "additional horse," etc., "five cents"; also "for every cart, sulky, wagon," etc., "drawn by one horse or other animal, five cents." It also provides one cent per head for cattle, sheep, or swine, and three cents for every horse or mule ridden, driven, or led. No distinction is made for any difference in rates between those living within a mile and those living at a greater distance from the gate; nor is any reference made to any person as being exempt. The second section of the special act, however, provides, in substance, that such company shall possess the general powers, rights, and privileges, and be subject to the liabilities and restrictions, of turnpike road corporations, as are or may be provided by the general statutes of the state, "except as in this act otherwise provided." Whatever may be said as to whether or not this statute relieves the company in question from the exemptions provided for in the general act, it seems clear that it fully regulates the rate of tolls that may be charged by the company. In the

general act persons living within one mile of the gate are not exempted from paying toll. They must pay some toll, but the rate is there regulated at one-half as much as is therein charged against those living further away. In the special act, which clearly assumes to wholly regulate the rates, no such discrimination is made; all who are to pay at all pay alike, and in this respect it clearly modifies the general act in favor of this company. Therefore, when this plaintiff commenced its business in 1889, the provision of the general act that any person residing within one mile of the gate should pay one-half the rates that others paid was abrogated as to it, because it was distinctly "otherwise provided" by the special act in question; and hence also none of the provisions of the second section operated to limit it.

The rights so acquired by this plaintiff still exist, and are unchanged. In 1890, chapter 566, known as the "Transportation Corporations Law," was passed, to take effect May 1, 1891. By section 130 the general law as to exemptions was amended, and it was substantially provided that persons living within one-half a mile of the gate should be exempt from paying any toll. And again, in 1893 (chapter 538), it was further provided that persons living within one mile of the gate, in an incorporated village of over 6,000 inhabitants, should be exempt from the payment of toll. But that section does not assume to amend the special act of 1889, nor is that special act repealed. It still stands in full force and effect, and under it the plaintiff may exercise the rights which are clearly given by it. It has been decided in Plank Road Co. v. Schrot, 90 Hun, 56, 35 N. Y. Supp. 602, that such section 130 applies to turnpike companies organized under the general act only, and the reasoning therein used is equally applicable to this case. In the case before us the plaintiff, although taking its existence under the general act, is operating under the special act of 1889, which, so far as any question here presented is concerned, gives it full and complete power to collect tolls from any person situated as the defendant is. It did not have to invoke the general act to collect such tolls in 1889; on the contrary, it collected them in opposition to the provisions of that act. It is not to be supposed, therefore, that by amending the general act merely, and leaving the special act unrepealed and in full force, the legislature intended to interfere with rights which, by such special act, it had previously given to such company. I conclude that the section 130, under which the defendant claims exemption, is not applicable to this case, and that, therefore, judgment should be awarded against him for the penalty in such submission claimed.

Judgment granted against the defendant for the penalty claimed in the complaint, without costs. All concur, except SMITH, J., who dissents.

SMITH, J. (dissenting). The construction given by the learned Presiding Justice to chapter 490 of the Laws of 1889 is, in my judgment, too literal. The object of the statute was, I think, to authorize the plaintiff corporation to charge a fixed sum as toll, instead of a sum per mile, which was authorized to be charged under the general act of 1847, under which the plaintiff was organized. The

second section of the act of 1889 provides that the plaintiff corpo-
ration "shall possess the general powers, rights and privileges and
be subject to the liabilities and restrictions, except as in this act
otherwise provided, of turnpike road corporations, as is or may be
provided by the general statutes of this state." This saving clause
was intended, in my judgment, to subject the plaintiff corporation
to the limitations provided by chapter 210 of the Laws of 1847 as
amended. The logic of the Presiding Justice drives him to the
position that those residing upon this road are to be discriminated
against, and cannot go to church, or to a funeral, or to town meet-
ing, or to an election, or to court, without paying toll, while with
all other plank road companies organized under the act of 1847,
under which this company was organized, those residing upon the
road were exempted from the payment of toll when traveling for
such purposes. I cannot believe that the legislature so intended.
In my judgment, the exemptions in the general statute in favor of
those residing upon the line of road, including the exemption in
favor of those residing within a mile of the tollgate, were intended
to be reserved to those residing upon the line of this plank road by
the second section of the act of 1889. With this interpretation of
the act, it follows that section 130 of the transportation law applies,
and exempts the defendant from liability to pay toll, because of his
residence within one-half mile of the tollgate. The location of the
tollgates was not made by the statute. If the corporation has un-
wisely located its gates so as to bring a considerable number within
the exemption, this fact furnishes no reason for the strict construc-
tion of an act which the court would otherwise construe liberally.
The case of Plank Road Co. v. Schrot, 90 Hun, 56, 35 N. Y. Supp.
602, is no authority against the position here assumed. In that
case, as also in the case of Turnpike Co. v. Shafer, 57 App. Div. 332,
68 N. Y. Supp. 5, the corporation was not organized under the
general act of 1847. The privilege given to those living within a
mile of the tollgate of paying one-half only the usual rates of toll
was not a general rule intended to be made applicable to all plank
road companies. That exemption was, by its terms, made applicable
only to those companies formed under the general act of 1847. See
chapter 250 of the Laws of 1849. It has been held that the general
transportation act is, in effect, a revision of the act of 1847, with
its amendments, and that the exemptions therein provided are ap-
plicable only to those companies formed thereunder, or under the
general act of 1847. Under these authorities those living upon the
line of the plaintiff's road are clearly exempt, unless that exemption
has been taken from them by the act of 1889. Those exemptions
are so equitable in their nature that the court should not deny them
to the defendant and those living along the plaintiff's road by any
technical construction of the act of 1889, or by any words in which
the intention of the legislature to so enact is not unmistakably in-
dicated.