(78 Misc. Rep. 284.)

#### HALFMOON BRIDGE CO. v. CANAL BOARD et al.

(Supreme Court, Special Term, Albany County. November, 1912.)

CANALS (§ 17*)—BRIDGES—INTERFERENCE BY CANAL BOARD—INJUNCTION.

> Barge Canal Act (Laws 1903, c. 147) § 3, provides that new bridges shall be built over the canals to take the place of existing bridges, whenever required or rendered necessary by the new location of the canal. *Held*, that where complainant had erected and was maintaining a toll bridge over the Mohawk river, and the canal board and its employés had taken no steps to construct a new bridge and approaches, or appropriate complainant's bridge and approaches in the manner prescribed by such section, complainant was entitled to an injunction restraining their interference with such bridge.

> [Ed. Note.—For other cases, see Canals, Cent. Dig. § 25; Dec. Dig. § 17.*]

Suit by the Halfmoon Bridge Company against the Canal Board and others to restrain defendants from interfering with complainant's bridge crossing the Mohawk river. On motion for preliminary injunction. Granted.

Thomas O'Connor, of Waterford (Collin, Wells & Hughes, of New York City, of counsel), for plaintiff.

Thomas Carmody, Atty. Gen., and Henry S. Bacon, Deputy Atty. Gen., of Rochester, for defendants.

CHESTER, J. There appears to be no distinction in principle between the plaintiff's application for an injunction in this case and that of the plaintiff in Lehigh Valley R. R. Co. v. Canal Board, 146 App. Div. 151, 130 N. Y. Supp. 978, modified and affirmed in 204 N. Y. 471, 97 N. E. 964, where it was held that a railroad company was entitled to a judgment restraining the defendants and their agents from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trespassing upon or interfering with a railroad bridge over a stream used for and in the construction and improvement of the Barge Canal, unless either the state constructs a new bridge and approaches thereto or appropriates for the canal the bridge and its approaches in the manner prescribed by the statute. The Barge Canal Act (Laws of 1903, c. 147) provides in section 3, that:

"New bridges shall be built over the canals to take the place of existing bridges wherever required or rendered necessary by the new location of the canals."

The case referred to had reference to a railroad bridge. The bridge in question here is a highway bridge over the Mohawk river, where that is being enlarged as a part of the Barge Canal, and it is none the less a highway bridge because the plaintiff has been permitted under the law to operate it as a toll bridge. The statute mentioned is broad enough to cover bridges of either class.

Under the authority of the case cited, the plaintiff is entitled to an injunction restraining the defendants and their agents from trespassing upon or interfering with its bridge or overflowing the same with water, unless they construct as required by the statute a new bridge and approaches, or appropriate the said bridge as well as its approaches in the manner prescribed by section 4 of said chapter 147 of the Laws of 1903.

Motion granted.