conditions in another part of the same building, into which the landlord may go and apply a remedy, if remediable, the tenant must be deemed to have been precluded from a beneficial enjoyment of the premises, and his abandonment thereof bars the lessor's action for the recovery of rent. Considering the landlord's control over the vacant flat underneath for a period of about two months, and the defendant's eagerness to afford him every opportunity and aid to rid the latter's flat of the bugs, their presence cannot be said, as a matter of law, not to be due in some measure to the landlord's fault, or, at least, to his inability to continue the habitableness of the defendant's dwelling place.

"An eviction depends upon the materiality of the deprivation. If trifling, and producing no substantial discomfort or serious inconvenience, it will be disregarded and will not afford cause for the termination of the relation of landlord and tenant." Seaboard Realty Co. v. Fuller, 33 Misc. Rep. at page 110, 67 N. Y. Supp. at page 147.

Here the deprivation was most material. It was by no means trifling, and not only did it produce substantial discomfort and severe inconvenience, but it amounted to an intolerable state. Whether or not the deprivation is material is a question of fact, and that having been found below in favor of the defendant, the judgment should be affirmed, with costs.

CRANE and KELBY, JJ., concur.

---

HALFMOON BRIDGE CO. v. ACME CONST. CO. et al.

(Supreme Court, Appellate Division, Third Department. May 22, 1913.)

1. EMINENT DOMAIN (§ 2*)—TAKING OF PROPERTY—CONSTRUCTION OF CANAL—CONDEMNATION OF BRIDGE.

Where it was necessary for the state, under Barge Canal Act (Laws 1903, c. 147) § 3, to rebuild plaintiff's bridge, which would be destroyed by the construction of such canal, the bridge and its approaches need not be condemned in accordance with section 4 of the act.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 3–12; Dec. Dig. § 2.*]

2. INJUNCTION (§ 24*)—SUBJECTS OF PROTECTION.

The opening of the Barge Canal being of great public importance, it will not be delayed by injunction during the construction of a bridge necessarily destroyed by the canal, but which the state is bound to reconstruct, even though the state was negligent in failing to earlier construct the bridge, for the granting of an injunction is largely in the discretion of the court, and is not granted when working an injury to the public generally.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 23; Dec. Dig. § 24.*]

3. INJUNCTION (§ 24*)—AWARD OF INJUNCTION—DISCRETION.

In granting injunctions, the court has a large discretionary power, and they should not be awarded when working detriment to or interfering with general public interests.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 23; Dec. Dig. § 24.*]

---

Appeal from Special Term, Saratoga County.

Action by the Halfmoon Bridge Company against the Acme Construction Company and others. From an order vacating a temporary injunction heretofore granted, plaintiff appeals. Order reversed, with leave to defendants to move to vacate or modify.

See, also, 140 N. Y. Supp. 1122.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

Thomas O'Connor, of Waterford, for appellant.

Thomas Carmody, Atty. Gen. (Henry Selden Bacon, Deputy Atty. Gen., of counsel), for respondents Canal Board et al.

Charles D. Thomas, of Herkimer, for respondent Acme Const. Co.

SMITH, P. J. From Crescent, Saratoga county, to Colonie, Albany county, across the Mohawk river, is stretched a bridge owned by the plaintiff, upon which plaintiff charges toll for crossing. This bridge is parallel and very close to the acqueduct which carries the canal across the Mohawk river at this spot. The scheme for the new Barge Canal contemplates the abandonment of this acqueduct and the construction of the canal within the river itself. In the process of this construction a dam has been built just below the acqueduct and this bridge, and if that dam is completed it will cause the waters in the Mohawk river to rise to such an extent that they will cover the bridge of the plaintiff and result eventually in destroying it. Plaintiff brought this action, therefore, to enjoin the officers of the state from interfering with this bridge, except for the purpose of constructing a new bridge, which it is claimed is required by the Barge Canal Act (Laws 1903, c. 147).

[1] By section 3 of that act it is provided:

"New bridges shall be built over the canals to take the place of existing bridges wherever required, or rendered necessary by the new location of the canals."

The Attorney General admits upon the argument that under this provision of the Barge Canal Act the state is bound to rebuild this bridge. The position of the Attorney General, however, is that, while the obligation rests upon the state to rebuild the bridge, it is not necessarily required to rebuild the bridge prior to the destruction of the old bridge rendered necessary by the opening of the new canal.

In the case of Lehigh Valley Railroad Co. v. Canal Board, reported 204 N. Y. at page 471, 97 N. E. 964, the court authorized an injunction against the state from interfering with the bridge of the plaintiff in that case unless either they construct as required by statute a new bridge and approaches—

"or appropriate the said bridge and its approaches in the manner prescribed by section 4 of chapter 147 of the Laws of 1903."

[2, 3] The state has assumed to appropriate both the approaches of the plaintiff's bridge and the abutments and its franchises, and claims under this alternative provision, mentioned in the Lehigh Valley Railroad Case, that it has the right by reason of such appropriation to

proceed and destroy the bridge, whatever may be its obligation to the public hereafter. If, however, the state is required to rebuild a bridge for the benefit of the public, there would seem to be no necessity under any facts here appearing for the appropriation of the property of the plaintiff within the authority of the Barge Canal Act. The alternative direction given in the Lehigh Valley Railroad Case was not necessary for that decision, and it does not appear that the question was squarely presented to the court whether such an appropriation could be made in view of the specific obligation enjoined by section 3 of the act to rebuild the bridge. At the time that the Lehigh Valley Railroad Case was decided the new Barge Canal was not ready for operation. There was at that time abundant opportunity for the state to rebuild that bridge before such time as it might be desired to open the new canal. The state has been clearly negligent in failing to provide for the rebuilding of this bridge and others before the time when their destruction should become necessary for the opening of the new canal. Under the alternative provision, however, in the Lehigh Valley Railroad Case the delay of the state might have been upon the assurance there intimated that the property could be appropriated under the act. If we are right, however, in our conclusion that in view of the requirement to rebuild there is no apparent necessity for the condemnation of these rights, the question is presented whether, assuming the negligence of the state in delaying to rebuild, the court should issue its injunction to prevent the doing of such acts as are necessary to the opening of the Barge Canal until these bridges have been built. We are of the opinion that the benefits to the public from the opening of the new canal are so great that the negligence of the officers of the state should not be deemed to have suspended the rights of the state to open the canal until the bridges are rebuilt. The issue of an injunction is to an extent discretionary, and the court should hesitate before granting an injunction that will interfere with what would otherwise be great public benefits. In the case at bar, however, it is stated by the Attorney General that arrangements have been made for the use of the acqueduct over the canal, and not to open the new canal at the point in question at least for some months to come. Public necessity does not, therefore, at this time require the destruction of the plaintiff's bridge. It may be that the state will be able to construct a new bridge before the use of the new Barge Canal at this point shall render necessary the destruction of the present bridge.

The order should therefore be reversed, and the injunction restored, with leave to the defendants to move to vacate the same when the destruction of the present bridge shall become necessary to the opening of the Barge Canal. The state should at once, however, take such steps as are necessary for the rebuilding of the bridges in question, and should proceed with reasonable diligence. Upon such motion as may hereafter be made to vacate this injunction the court may consider whether the state has in good faith used reasonable diligence from this time in the rebuilding of these bridges, and if it should be found that such diligence has not been used will give to such fact such weight as may be deemed proper. The court may also consider what, if any, conditions should be imposed to protect the traveling

public and plaintiff and provide temporary means of passage at the location in question.

Order reversed, with $10 costs and disbursements, and injunction restored, with leave to defendants to move to vacate or modify the same when the destruction of the plaintiff's bridge shall become necessary to the opening of the Barge Canal. All concur.