(85 Misc. Rep. 452)

RUMSEY & CO., Limited, v. MAY, Secretary of State, et al.

(Supreme Court, Special Term, Albany County. May, 1914.)

EMINENT DOMAIN (§ 273*)—CANAL LANDS—INJUNCTION.

　　Where there was no claim that the state engineer or other officers were not proceeding in good faith in the condemnation of lands and complainant's manufacturing plant for canal purposes, except that they were taking the lands before they were needed, complainant could not maintain a suit to enjoin defendants from filing and serving a map which would result in the appropriation of complainant's land and plant except on condition that they contain a proviso that complainant might continue in possession and operation of his plant until the property should be needed for actual construction.

　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 743–749, 752, 754–764; Dec. Dig. § 273.*]

Suit by Rumsey & Company, Limited, against Mitchell May, Secretary of State, and others. On motion for an injunction.

Ernest G. Gould, of Seneca Falls, for plaintiff.

Thomas Carmody, Atty. Gen. and Edward J. Mone, Deputy Atty. Gen., for defendants.

CHESTER, J. The plaintiff for a number of years has owned and operated a pump manufacturing plant and lands located at the village

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of Seneca Falls. The concern is in full operation, employing a large number of men. The plaintiff seeks to enjoin the defendants from making, filing, and serving a map which shall result in appropriating its plant and lands for the improvement of the Cayuga and Seneca Canals, pursuant to chapter 391 of the Laws of 1909, unless such appropriation map contains a provision that the plaintiff may continue in possession and operation of its plant until January 1, 1915, and until the same shall be needed by the state or its contractors for the purposes of such construction.

The plaintiff does not deny the right of the state to take its lands for public purposes under the act in question, but it insists that if it takes it before it is needed it would be taking more property than is necessary for the improvement, and therefore that such taking would be unlawful.

Section 4 of the Barge Canal Law (Laws of 1903, c. 147), which, by reference, is made a part of said chapter 391 of the Laws of 1909, gives the state engineer the right to appropriate such lands for the purposes mentioned "as shall in his judgment be necessary" in the manner provided by the law. In order to do so, he must make an accurate survey and map of the lands to be appropriated, with his certificate attached that the lands therein described are necessary for the use of the canals, which map, upon being approved by the canal board, shall be filed in the office of the state engineer and a duplicate in the office of the superintendent of public works. The latter is then required to serve notice of such filing upon the owner, and the section provides that:

"From the time of the service of such notice, the entry upon and the appropriation by the state of the real property therein described for the purposes of the work and improvement provided for by this act, shall be deemed complete, and such notice so served shall be conclusive evidence of such entry and appropriation and of the quantity and boundaries of the lands appropriated."

It is admitted by the defendants that the survey and the map are being made for the purposes of appropriating the plaintiff's lands, but no claim is made by the plaintiff that the state engineer or the other defendants are proceeding otherwise than in accordance with the statute, except that they are proposing to take such lands before they are needed. The state engineer and the other defendants allege that they have no intention of appropriating or taking possession of or making use of any portion of the plaintiff's property before the time when in the judgment of the state engineer and the canal board such an appropriation is necessary for the improvement of the canals, and they allege that they are unable to state just when they must take the property, as that will depend to a great extent upon the progress of the work under pending contracts, and they express a purpose to occasion the plaintiff as little inconvenience and damage as possible, considering the nature of the work and the requirements of the state.

There is no claim of any kind on the part of the plaintiff that the state engineer, the canal board, or any of the defendants are acting with respect to the matter in bad faith. The Legislature having dele-

gated the power to the state engineer and the canal board, and having conferred upon the state engineer the discretion to appropriate in the manner provided by the law such lands as in his judgment are necessary, there being no claim that he is not acting in good faith, I think his discretion cannot be reviewed here, and no case is presented for intervention by the court.  Matter of Fowler, 53 N. Y. 60.  In the case cited, Folger, J., said:

"The necessity for an appropriation of lands by the Legislature in the exercise of the right of eminent domain may not be questioned by the courts. And as the Legislature may delegate the exercise of this power to municipalities, to boards of officers, and to public agents, the necessity for an appropriation by them may not be inquired into by the courts.  If the use to which the lands are to be put is public, the Legislature, or the instrumentality which it employs, is the sole judge of the necessity, unless there is provision otherwise in the enactment."

The power to appropriate the land of necessity must include the power to determine the time when it shall be taken, and the court has no more power to control the judgment of the officer to whom the discretion is given with respect to the time of taking, than it has with respect to the quantity of the property to be taken.

So far as appears the defendants are acting in good faith and entirely within the law, instead of contrary thereto.  They are in a position to know when the land will be required for canal purposes, and it is not to be assumed that in the discharge of their official duties they will take possession of plaintiff's property before it is needed.  The time of the taking, as well as the necessity for it, must be left to the discretion of the public officers to whom the Legislature has committed the discharge of these duties so long as they are acting in good faith and within the law.

The plaintiff cites Halfmoon Bridge Co. v. Canal Board, 78 Misc. Rep. 284, 139 N. Y. Supp. 156; Id., 157 App. Div. 183, 141 N. Y. Supp. 865, in support of its claim for the injunction.  That was a case where the canal board was proceeding to destroy a bridge which was a part of a public highway without building a new bridge to accommodate public travel as the law required, before destroying the old one, and the injunction there was sustained on the theory that the defendants could not escape their obligation to build the new bridge under the power which they had to destroy the old one and thus leave the public without the benefits of a highway at the place in question.

The case is so dissimilar in its facts that it is not an authority for the relief sought here.

The motion for the injunction should be denied, with $10 costs.

Motion denied, with $10 costs.