HALFMOON BRIDGE COMPANY, Appellant, *v.* THE CANAL BOARD et al., Respondents.

Practice — allowance to plaintiff upon granting leave to defendant to serve supplemental answer — when court in exercise of its general equitable and discretionary powers is justified in making such allowance.

The state having, in connection with the construction of the barge canal, asserted a claim of right to destroy plaintiff's bridge without compensation therefor, an action was brought to prevent the canal board from taking such action, a trial was had, and the evidence closed and submitted. Meanwhile a special act was passed by the legislature, permitting the state to take possession of the property, by which plaintiff was left to secure compensation by proceedings before the Court of Claims. The defendants then moved for leave to serve a supplemental answer in the action setting forth these facts, and permission to do so was granted on the condition, amongst others, that it pay plaintiff the sum of $1,500 which is the matter in controversy on this appeal. *Held,* that the court at Special Term had a right if it so elected to refuse to allow the defendants to make and serve the supplemental pleading, and that by virtue of its general equitable and discretionary powers, it could on giving such permission grant the allowance in question, which was not based on the specific grounds for an extra allowance set forth in section 3253 of the Code of Civil Procedure. .

*Halfmoon Bridge Co.* v. *Canal Board,* 163 App. Div. 76, reversed.

(Argued November 10, 1914; decided December 1, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 1, 1914, which modified and affirmed as modified an order of Special Term granting defendants leave to serve a supplemental answer on the condition, amongst others, that they pay to appellant the sum of $1,500 as an " allowance " in addition to taxable costs and expenses theretofore accrued in the action. The order of the Appellate Division relieves the defendants

from payment of this sum, and that court has certified to us the question: "Had the court at Special Term power to require as a condition the payment of the extra allowance specified in the order made at a Special Term of this court in the above-entitled action on the 24th day of January, 1914, granting the defendants, the Canal Board and others, permission to serve and file a supplemental answer herein?"

The facts, so far as material, are stated in the opinion.

*Thomas O'Connor* for appellant.    The allowance was a condition for a favor, not an extra allowance under section 3253 of the Code of Civil Procedure. (*Medbury* v. *Swan*, 46 N. Y. 200; *Beech* v. *Reynolds*, 53 N. Y. 7; *Park* v. *Hubbard*, 198 N. Y. 139; *Holyoke* v. *Adams*, 59 N. Y. 233; *Spiers* v. *N. Y.*, 72 N. Y. 442; *Pratt* v. *Ramsdell*, 16 How. Pr. 61; *Guenther* v. *Patch*, 155 App. Div. 27.) Considered as an extra allowance, the Special Term had power to grant same. (*Lehigh Valley R. R. Co.* v. *Canal Board*, 204 N. Y. 477; *Hayden* v. *Matthews*, 4 App. Div. 338; 158 N. Y. 735; *Williams* v. *W. U. Tel. Co.*, 61 How. Pr. 305; *People* v. *A. & V. R. R. Co.*, 16 Abb. Pr. 465; *Mingay* v. *Holly Mfg. Co.*, 99 N. Y. 270; *Barker* v. *Town of Oswegatchie*, 62 Hun, 208; *Freeman* v. *Brooks*, 33 Misc. Rep. 450; *Sickles* v. *Richardson*, 14 Hun, 110; *Chase* v. *City of Syracuse*, 34 Misc. Rep. 144; *E. C. Subway Co.* v. *B. & S. A. R. R. Co*, 87 Hun, 279; *Miller* v. *Cleary*, 147 App. Div. 256; *Henderson Estate Co.* v. *Carroll El. Co.*, 113 App. Div. 775; *H. R. Tel. Co.* v. *W. T. & R. Co.*, 135 N. Y. 394; *Warren* v. *Buckley*, 2 Abb. [N. C.] 323.)

*James A. Parsons, Attorney-General* (*Wilber W. Chambers* of counsel), for respondents.    The court at Special Term was without power to impose as a condition of permitting the defendants to serve a supple-

mental answer an extra allowance of $1,500, for the reason that there were no facts before it upon which such an allowance could be based. (*People* v. *A. & S. R. R. Co.*, 5 Lans. 35; *Conaughty* v. *Saratoga Co. Bank*, 92 N. Y. 401; *People ex rel. Winans* v. *Adams*, 128 N. Y. 129; *Weidenfield* v. *Byrne*, 113 App. Div. 410; *People* v. *Page*, 39 App. Div. 110; *Godley* v. *Kerr Salt Co.*, 3 App. Div. 17.)

HISCOCK, J.    The appellant was the owner and operator of a toll bridge spanning the Mohawk river between points within that section of the said river which is to be canalized for the purposes of the barge canal. The plans adopted by the state for the construction of such canal involved the destruction of appellant's bridge, and in 1910, in accordance with said plans, the canal board served upon the appellant a certificate by which it undertook to appropriate the toll house and lands owned by the latter on either side of the river, and by which was asserted the claim that the Barge Canal Act did not require the state to construct at its expense a new bridge for appellant. Subsequently this action was commenced, there being alleged in the complaint, in substance, the foregoing and other facts, and that the respondents proposed to destroy said bridge, which was of the value of about forty thousand dollars, under the claim of their right to do so without constructing at the expense of the state any bridge in the place thereof, and which reconstruction if made would cost about eighty thousand dollars; and the complaint, amongst other things, prayed for judgment that the respondents should be enjoined from destroying the bridge except on the condition of building at the expense of the state a new bridge of suitable pattern in the place of the one thus destroyed. The respondents by their answer confirmed appellant's claim that they were asserting the right to destroy its bridge without compensation or substitution of another bridge

by alleging their right to remove the old bridge and denying any obligation on the part of the state to construct a new one in its place.

After the action was at issue, a large number of motions were made involving the continuance and discontinuance of injunctions restraining the respondents from proceeding with their plans and various other questions, with the result that it was held by the Appellate Division that the appellant's substantial allegations were correct and that the respondents could not destroy its bridge without the construction in the place thereof, at the expense of the state, of another one. While the action was in this condition it was brought on for trial, the evidence submitted and closed, and a brief presented on behalf of the appellant. For one reason or another the decision of the action was delayed until a special act was passed permitting the respondents to take possession of the property of appellant which was then left to secure compensation by proceedings before the Court of Claims, and thereafter notice was served in purported compliance with the terms of said act by the respondents claiming to appropriate and take possession of such property.

At this point the respondents made their motion for leave to serve a supplemental answer in the action setting forth the facts last enumerated and the permission to do which was granted on the condition, amongst others, that they pay the sum and allowance of fifteen hundred dollars in controversy on this appeal.

In reversing this allowance the Appellate Division seems to have proceeded on the theory that it was made as an extra allowance of costs under the provisions of section 3253 of the Code of Civil Procedure, that this was not an action in which such an extra allowance of costs could be made, and that, therefore, the allowance being based on an erroneous and impossible theory should not be allowed to stand as a condition of serving the supple-

mental answer.   We think that in reaching this conclusion the Appellate Division fell into error.

In the first place I should not be willing to concede, if that question were involved, that this action was not one in which an extra allowance of costs could be made under the Code.   In adopting the view which it did the Appellate Division seems to have considered the condition of the action as it would have been after the supplemental pleading had been served and when very likely there would not have been involved any subject-matter which would sustain an extra allowance of costs in the amount of $1,500.   But of course the condition of the action which appellant was entitled to have considered was the one which existed before the supplemental pleading was served and at the time when the allowance was made. At that point the action was being maintained to restrain the respondents from destroying appellant's property, said, and by some evidence shown, to be worth the sum of $40,000, without compensation or replacement, and which right thus to destroy the respondents were asserting. Without attempting actually to decide that question, it seems to me pretty clear that under these conditions the subject-matter of the suit was the prevention of the destruction by the respondents of property belonging to the appellant worth $40,000, and that in the event of success an extra allowance under the provisions of the Code could have been granted on the basis of such subject-matter which would have exceeded the amount of the item in question.   (*Hayden* v. *Mathews*, 4 App. Div. 338; affd., 158 N. Y. 735; *Williams* v. *Western Union Telegraph Co.*, 61 How. Pr. 305; *Mingay* v. *Holly Mfg. Co.*, 99 N. Y. 270; *Lehigh Valley R. R. Co.* v. *Canal Board*, 146 App. Div. 151; affd., 204 N. Y. 471.)

But, in the second place, that question is not involved, for we have no doubt that the court at Special Term in the exercise of a sound and reasonable discretion had a perfect right independent of the provisions of the Code to

which reference has been made, to compel the respondents, as a condition of allowing service of the proposed supplemental answer, to pay such sum as in its judgment would fully compensate the appellant for expenses incurred in the litigation whether taxable or not, and that this is what was done.

Section 544 of the Code of Civil Procedure provides: "Upon the application of either party, the court may, and, in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply, alleging material facts which occurred after his former pleading."

It has been held that under these provisions the court to which application for leave to serve such a supplemental pleading is made " ' may determine whether there has been inexcusable laches, or whether any of the reasons appear which are recognized as giving authority for denying the exercise of the general right in the particular instance; and the court must grant leave, unless the motion papers show a case in which the court. may exercise a discretion as to granting or withholding leave.' * * * It has a discretion to permit or refuse a supplemental pleading; but that discretion must be exercised reasonably, and not capriciously or wilfully." (*Spears* v. *Mayor, etc., of N. Y.*, 72 N. Y. 442; *Holyoke* v. *Adams*, 59 N. Y. 233; *Pollmann* v. *Livingston*, 17 App. Div. 528; *Park & Sons Co.* v. *Hubbard*, 198 N. Y. 136, 139.)

In the case first cited the city of New York originally had been the disinterested stakeholder of a fund claimed by two contesting claimants. Subsequently it paid the fund to one of these claimants in alleged reliance on a judgment which was subsequently reversed, and then moved for leave to set up such payment by supplemental answer. This was refused, it being intimated that the city had really utilized the judgment referred to as an excuse for taking sides in the controversy, and this court refused to review the discretion exercised by the Special Term.

Within the principles thus laid down we are certain that the court at Special Term had a perfect right if it so elected to refuse to allow the respondents to make and serve the supplemental pleading as they desired.

The appellant as plaintiff was asserting a good cause of action and the respondents on the contrary were asserting the right, inequitable as well as unlawful, to destroy its property without compensation or replacement. Under the decisions made by the Appellate Division down to that point in the litigation, as well as under a decision later delivered by this court (*Lehigh Valley R. R. Co.* v. *Canal Board, supra*), the appellant was entitled to the judgment which it was demanding. At this point the respondents desired by supplemental pleading to secure an opportunity to destroy appellant's cause of action and not only prevent it from recovering costs and disbursements against them, but possibly impose on it a liability for their costs and disbursements, and this they desired to do by virtue of a special act which the state itself had procured to be passed for its own purposes and benefit after the action was commenced. There were also other facts which the court might properly take into account as bearing on the justice of the application. Under these circumstances the court very well might have refused to allow the respondents to serve their supplemental pleading and compelled them to submit to the event of the litigation as it then stood and which was bound to be to their disadvantage. Then they would have been left to other proceedings which would have involved proper consideration of the appellant's rights. Instead of doing this, however, it granted leave to serve a supplemental pleading, but imposed as a condition payment of a sum which in its judgment would reasonably compensate the appellant for expenses incurred in maintaining its cause of action, and the defeat of which was then about to be permitted as a matter of favor to respondents. If, as we believe, it had the power to refuse altogether the favor

which was being asked, it necessarily had the other power to impose such terms in granting it as would fairly and reasonably compensate the appellant for the disadvantages which would result to it therefrom. The respondents were not under any obligations to accept the favor, but they could not grasp the indulgence which was being extended to them with one hand, and with the other one strip away the conditions on which it was being held out.

In our judgment it was by virtue of its general equitable and discretionary powers that the court at Special Term granted the allowance, and it was not, as has been supposed, simply based on the specific grounds for an extra allowance set forth in section 3253 of the Code.

The order itself contained as its only provision on this subject the requirement, " That prior to or at the time of filing and serving such supplemental answer, the defendants * * * shall pay to the plaintiff all taxable costs and disbursements * * * which remain unpaid, and an allowance of $1,500 hereby granted to the plaintiff." This provision does not purport to be based even indirectly on the terms of the Code with reference to extra allowance.

But while the order itself does not purport to base the allowance in any way on the provisions of the Code, it is nevertheless urged in support of the respondents' contention that the trial judge in his opinion handed down with the order, did say in connection with this allowance: " Proof has been presented on the motion that the property in question is worth $40,000. The action certainly has been a difficult and extraordinary one, and if by the act of the legislature plaintiff's cause of action has not only been taken from it, but also because of the facts set forth in the proposed supplemental pleading, the plaintiff shall be defeated in the action, defendants should pay what plaintiff would quite probably be entitled to if such supplemental pleading was not served."

We do not think this expression when fairly construed

warrants the assumption that the learned judge at Special Term intended to rest his action solely or mainly on the right which would have existed to make a statutory and technical extra allowance. What he said was by way of argument as tending to justify simply the amount of the allowance which he was granting by reference to what "probably" the appellant would have been entitled to on an application under the Code. We think this falls considerably short of indicating that the order fundamentally did not take into account and was not based on the general powers of the court.

The order appealed from should be reversed in so far as it reverses the order of the Special Term in respect of this item, and said order of the Special Term should be affirmed, with costs, and the question certified to us should be answered in the affirmative.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Ordered accordingly.