(96 Misc. Rep. 272)

REXFORD FLATS BRIDGE CO. v. CANAL BOARD et al.

(Supreme Court, Special Term, Saratoga County.    July 22, 1916.)

**1. CORPORATIONS ⬦619—DISSOLUTION—TRUSTEES FOR WINDING UP—STATUTE.**

Where Laws 1848, c. 259, provided, by reference to 1 Rev. St. pt. 1, c. 18, tits. 3, 4, that the directors of a bridge company formed thereunder could collect its assets upon its dissolution, such action was not precluded because chapter 259 was repealed before the corporation was dissolved.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2459, 2460; Dec. Dig. ⬦619.]

**2. BRIDGES ⬦15—ACQUISITION BY PUBLIC—STATUTE.**

Under Laws 1903, c. 147, § 3, providing that new canal bridges shall be built whenever required, and Laws 1848, c. 259, authorizing the directors of a dissolved corporation to collect its assets, such directors can sue the public authorities for destroying a canal bridge, especially where the corporation was not formed under Transportation Corporation Law (Consol. Laws, c. 63) § 149, which provides that toll bridges shall become public highways upon the owning corporation's dissolution.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 26–34; Dec. Dig. ⬦15.]

Action by the Rexford Flats Bridge Company against the Canal Board and others. On motions to substitute the corporation's trustees as plaintiffs, and to file a supplemental answer. Motions granted.

Thomas O'Connor, of Waterford, for plaintiff.
E. E. Woodbury, Atty. Gen., for defendants.

BORST, J.  Plaintiff by this action seeks to compel the defendants to restore its bridge over the Mohawk river at Rexford Flats, which, it is alleged, they destroyed in the construction of the barge canal. The right to compel the defendants to rebuild the bridge is claimed by virtue of the provisions of section 3, c. 147, Laws 1903, which reads:

"New bridges shall be built over the canals to take the place of existing bridges wherever required, or rendered necessary by the new location of the canals"

—and the authorities construing that section: Halfmoon Bridge Co. v. Canal Board, 213 N. Y. 160, at page 166, 107 N. E. 344; Lehigh Valley R. Co. v. Canal Board, 146 App. Div. 151, 130 N. Y. Supp. 978, affirmed 204 N. Y. 471, 97 N. E. 964, Ann. Cas. 1913C, 1228; Halfmoon Bridge Co. v. Acme Const. Co., 157 App. Div. 183, 141 N. Y. Supp. 865.

The plaintiff was incorporated as a bridge company for a period of 50 years pursuant to the provisions of chapter 259, Laws of 1848. The limit of the time for which it was incorporated expired in 1915 and since the commencement of the action. A motion is now made that its trustees be substituted as plaintiffs, and that they be allowed to continue the action for the benefit of its creditors and stockholders. The defendants opposing ask that the action be dismissed because of the repeal and expiration of the plaintiff's charter. If that request be denied, they then ask that the motion be granted which they have made to serve a supplemental complaint alleging that since the commencement of the action the bridge and its franchises have been ap-

propriated by the state, and that by reason of such appropriation the plaintiff's remedy is to recover its damages, if any, through the Court of Claims.

By the Constitution of 1846 (article 8, § 1) it was provided that corporations might be formed under general laws, and should not be created by special act, except in certain specified cases not material here. Prior to 1846 corporations, including those for the construction and maintenance of bridges, were incorporated only by special acts of the Legislature. Following the adoption of the Constitution of 1846, chapter 259, Laws 1848, was passed, which provided a general scheme for the incorporation of bridge companies, and under which the plaintiff was incorporated in 1865, and thereafter constructed the bridge in question. By the act of 1848 corporations formed under it were made subject to the provisions of titles 3 and 4 of chapter 18 of the first part of the Revised Statutes, so far as those provisions were consistent with the provisions of the act. By those provisions of the Revised Statutes, upon the dissolution of any corporation, unless some other person should be appointed by the Legislature or a court of competent authority, the directors or managers of such corporation at the time of its dissolution were made the trustees of the creditors and stockholders of the corporation dissolved with full power to settle its affairs, collect and pay its outstanding debts, and divide among the stockholders the money and other property that should remain, and such trustees were given authority to sue for and recover the debts and property of the dissolved corporation in the name of the trustees of such corporation, and were made responsible to the creditors and stockholders of the corporation to the extent of the property that should come into their hands.

Chapter 262, Laws 1838, provided that, whenever any corporation owning a toll bridge should be dissolved, such bridge should be left without waste or damage and be a public highway. This provision has been carried into the Transportation Corporations Law, § 149, and it is contended by the defendants that, the bridge of the plaintiff being a toll bridge, and the act under which it was incorporated having been repealed, and plaintiff dissolved by expiration of its charter, it has now become a public highway and the property of the people.

By Revised Statutes, p. 1, c. 18, tit. 3, § 8, it was provided that the charter of every corporation that should thereafter be granted by the Legislature should be subject to repeal in the discretion of the Legislature, and this provision has since been continued and is now found in section 320 of the General Corporation Law (Consol. Laws, c. 23). The power conferred by section 1, art. 8, of the Constitution of 1846 to pass general laws for the formation of corporations also provided that such laws might be altered from time to time or repealed, and this provision has also been continued and is now in the present Constitution of the state.

This act of 1848 seems to have been the subject of much concern on the part of the Legislature and the board of statutory consolidation. Section 4 of this act was repealed by chapter 563, Laws 1890, in effect May 1, 1891. Sections 2, 5, 12, 13, and 16 were repealed

by chapter 564, Laws 1890, and took effect May 1, 1891, and then by chapter 566, Laws 1890, all of the chapter was repealed to take effect May 1, 1891. By chapter 687, Laws 1892, in effect May 18, 1892, all of the act was again repealed. The board of statutory consolidation, however, continued the repealing business by presenting to the Legislature for repeal the same act of 1848, and we find that by chapter 28, Laws 1909, being chapter 23 of the Consolidated Laws, which was passed and took effect February 17, 1909, the whole of the chapter was again repealed, and they also presented to the Legislature, and there was passed, chapter 219, Laws 1909, being chapter 63 of the Consolidated Laws, which took effect April 21, 1909, which again repealed chapter 259, Laws 1848.

[1, 2] At an early date the state established a policy of liberality in the creation of corporations, and this policy it has always continued. With this policy, however, went another which has also been continued, that of retaining the right to control, regulate, and even repeal the charter of corporations created under its laws. The provisions of the Revised Statutes referred to and many others found in the statute law of the state indicate most clearly that the state did not intend, when it reserved to itself the powers stated over corporations, to forfeit to the people their property and property rights on their dissolution or repeal. This power provided, as we have seen by the Constitution, as well as by statute, is also restricted by the same Constitution in its provision prohibiting the taking of property except by due process of law. On the dissolution of the plaintiff corporation, by whatever mode that might be brought about, its property and property rights vested as noted in its directors as trustees to settle its affairs in the absence of other persons being appointed for that purpose. The Legislature by an amendment of the act of 1848 might have provided a different way for the settlement of the affairs of the corporations formed under it on their dissolution or repeal, but this has not been done, and, in the absence of any other provision than that which existed in the creative act, that act controls, and their property and property rights vest in their directors as trustees for the benefit of their creditors and stockholders. Further, it seems to have been held that the Transportation Corporations Law applies only to corporations formed under it. Aurora & Buffalo Plank Road Co. v. Schrot, 90 Hun, 56, 35 N. Y. Supp. 602; Monticello & Fallsburg Turnpike Road Co. v. Le Roy, 72 App. Div. 241, 76 N. Y. Supp. 215; Great Western Turnpike Co. v. Shafer, 57 App. Div. 331, 68 N. Y. Supp. 5, affirmed 172 N. Y. 662, 65 N. E. 1121.

The power given the directors of plaintiff corporation to settle its affairs and collect its outstanding debts carries with it the right to enforce its corporate rights to property by an appeal to the courts. The plaintiff has asserted a claim against the defendants which is the subject of this action. The validity of that claim is not and should not be determined on this motion, but be left to the trial of the action. On that trial the effect of the repeal of plaintiff's charter before the destruction of its bridge by defendants, if they destroyed it, may

be important on the question of its value, but that is a question for solution on that trial not on this motion.

The motion of the directors of plaintiff to be substituted as plaintiffs in the action is granted, with $10 costs of motion to defendants.

The defendants' motion for leave to serve a supplemental answer is granted on payment to plaintiff of all the costs of the action from the service of the complaint, with $10 costs of motion.