PATRICK A. O'RIORDAN, Plaintiff, *v.* NICK F. HELMERS, INC., et al., Operating as NEWFOUNDLAND BASE CONTRACTORS, Defendants.

City Court of the City of New York, Special Term, New York County, June 17, 1947.

*Emil V. Pilz* for defendants.

*Hyman Korn* for plaintiff.

CARLIN, J. Defendants move to reopen this case and for leave to amend their answer to plead that their failure to pay overtime compensation under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) was " in good faith in conformity with and in reliance on the order of an agency of the United States " to wit, the United States Army. Before this motion was made the court had found that the plaintiff herein was entitled to unpaid overtime under the Fair Labor Standards Act and its decision so holding was filed herein on May 7, 1947; on the return of this motion it was orally consented to by counsel for both sides that the judgment based on the decision might be entered without prejudice to the disposition of this motion. This motion is based upon section 9 of Public Law 49 (80th Cong., 1st Sess., ch. 52) which reads as follows: " *Reliance on Past Administrative Rulings, Etc.*— In any action or proceeding commenced prior to or on or after the date of the enactment of this Act based on any act or omission prior to the date of the enactment of this Act, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect." This act was approved on May 14, 1947, and is called the " Portal-to-Portal Act of 1947 ".

Motion is granted. (*Halfmoon Bridge Co.* v. *Canal Board,* 213 N. Y. 160; *Holyoke* v. *Adams,* 59 N. Y. 233; *Runcie* v. *Bankers Trust Co.,* 17 N. Y. S. 2d 197; *Sirico* v. *Four Wheels, Inc.,* 51 N. Y. S. 2d 425.) " The province of the court is to construe the law and not to criticize the action of the Legislature " in this case the act of Congress (*Runcie* v. *Bankers Trust Co., supra,* p. 198; *Norman* v. *B. & O. R. Co.,* 294 U. S. 240); suffice it to say

that in the court's opinion the authority to allow the defendants to amend their answer as proposed is found in the aforesaid section of said act of Congress and is warranted under the foregoing authorities. Defendants are directed to serve their proposed amended answer within five days after service of a copy hereof with notice of entry. Counsel for both sides are directed to arrange with the court for a date when the trial of the issue raised by the amended answer is to proceed; in the interim plaintiff and his attorney are stayed from issuing execution on the judgment heretofore entered on May 20, 1947, which is allowed to stand pending the final determination of this action on the matters set forth in the proposed amended answer.