THEODORE KOLB, BY HIS NEXT FRIEND, ETC.,

v.

CHICAGO STAMPING COMPANY.

*Master and Servant—Minor Servant—Duty to Instruct and Protect—Machinery—Failure to Guard—Request " to hurry"—Personal Injuries—Contributory Negligence—Evidence.*

1. In an action brought by a servant to recover from his employer for injuries alleged to have been suffered through his negligence, this court holds, that the risks attending the use of the machine in question were obvious and assumed by the servant as incident to his employment, and that failure to guard the treadle in question did not constitute negligence on the part of the defendant.

2. Evidence in such case that other boys had been injured by similar machines in the same shop, should not be considered.

[Opinion filed September 11, 1889.]

APPEAL from the Circuit Court of Cook County the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. ALLAN G. STORY AND FRED W. STORY, for appellant.

Mr. R. S. THOMPSON, for appellees.

MORAN, J. This action was brought by appellant by his

next friend, to recover damages from appellee for the loss of the fingers of his right hand in a stamping machine owned by appellee, and at which appellant was working.

At the close of plaintiff's case the court instructed the jury that the evidence was insufficient to sustain a verdict for the plaintiff, and that they should find for the defendant. This ruling of the court is the error assigned on the appeal. The evidence shows that appellant, who was at the time something over sixteen years of age, applied to appellee's superintendent for employment in the stamping shop, and was taken by the superintendent to a foreman, who was told to set the boy to work on a press. The foreman took him to a machine for pressing bottoms for coal hods.

The stamp which did the pressing was operated by steam and was set in motion by the operator pressing a treadle with his foot. The scuttle bottom to be shaped was laid on the die and iron clamps closed around it, which clamps have handles by means of which the operator holds the bottom in such manner that when the die descends it presses the bottom into a new shape with a projecting lip over the top of the rim of the clamps. When the treadle was pressed by the foot, the die came down, and then returned to its place and remained there till the treadle was again pressed. The foreman stood by appellant while several bottoms were pressed, and as he operated the machine all right, left him, and appellant worked at the machine the remainder of the day, and the next day, and the third day till about four o'clock, when the accident, which caused the injury, occurred. About half an hour before the happening of the accident the foreman came around, and finding appellant sitting resting and the press idle, told him to hurry up and go to work, that he wanted to get rid of that die and put another in its place, and appellant resumed work and continued for a while and then sat resting again. The foreman returned and found him idle, and said to him that he must hurry up, that if he could not do better than that they would have to put another man in his place; that they did not want such men in the shop as he was.

Appellant began work and in a few moments one of the bottoms stuck on the die. While endeavoring to remove the bottom or pan he leaned forward on the high stool on which he was sitting and his foot pressed down on the treadle bringing the punch down on his hand and cutting off his fingers. There is no evidence in the case that the machinery was not all in perfect repair, and in good working order, or any evidence tending to show that the appliances for doing the work were not of the usual kind or that they lacked any safeguard that was in use on such machines, or that its operation was attended with any danger not plainly apparent, and not easily avoided by ordinary attention. Counsel for appellant strenuously argues that it was negligence not to have the treadle boxed, but there was no evidence introduced to show that it could be boxed or that it was usual or customary to box treadles on such machines. The case in this respect differs materially from that of Rummel v. Dilworth, 111 Post. 343, cited and relied on by counsel. In that case the court say that there was evidence tending to show that closing the gate was attended with danger that the operator was liable to be caught in the cogs.

There is evidence also, that this difficulty was easily obviated by the extension of the guard rail to cover the point of danger, and that this appliance was reasonably necessary for the safety of the operator, but that in fact the rail was wanting where most required.

The offer to show that other boys had been hurt by similar machines in the same shop was not competent; *non constat*, that they were not injured entirely by their own fault or carelessness. The admission of such evidence would require the trial of their cases in this suit. So far as we can gather, all danger attending the operation of this machine would be perfectly obvious to any boy of ordinary capacity, of appellant's age or even much younger. He knew that a pressure of the foot upon the treadle brought down the upper die or stamp, and he knew that the pressure of such stamp on the lower die would crush whatever was beneath it, and employers are not required to instruct or protect against such obvious

dangers. Taking all the evidence introduced by appellant, with all the legitimate inferences which can be drawn therefrom, we are unable to perceive that appellees were guilty of any wrong or negligence which could be made the basis of a verdict in favor of appellant.

Unless we should be prepared to hold that an employer is liable for every accident that happens to a boy in his employ, though caused by the boy's own negligence or want of ordinary care, and when the employer is guilty of no negligence, we can find no ground on which a verdict in favor of appellant could rest.

We think there was no evidence to sustain appellant's case, and that the court properly instructed the jury to find for the defendant.

*Judgment affirmed.*