NORTH CHICAGO STREET RAILWAY COMPANY

v.

E. A. HUDSON.

*Street Railways—Evidence.*

In an action brought to recover the value of a horse, lost through having his foot caught in the crossing of defendant's street railway track and a railroad track, *held*, that evidence of other accidents at the same place, while the crossing was in the same condition, was incompetent.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. EDMUND FURTHMANN, for appellant.

Mr. ROBERT VAN SANDS, for appellee.

GARY, J. This is an action by the appellee to recover the value of a horse lost by the effect of having his foot caught in the crossing of the track of appellant and the track of the Chicago & Northwestern Railway. We are constrained to reverse the judgment because of the admission, over the objection and exception of the appellant, of evidence of other accidents at the same place while the crossing was in the same condition. The cases conflict as to whether such evidence is admissible. Morse v. Minn. & St. L. Ry., 30 Minn. 465. But this court is committed to the doctrine that it is not. Kolb v. Chicago Stamping Co., 33 Ill. App. 488; Chicago Anderson Pressed Brick Company v. Reinninger, 41 Ill. App. 324.

Whatever inference in favor of the admissibility of such evidence in general, might be drawn from City of Chicago v. Powers, 42 Ill. 169, in Hodges v. Bearse, 129 Ill. 87, is fairly rebutted.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*