## Wells and French Company v. Miskowicz.

1. NEGLIGENCE—*Conduct of Both Parties.*—In actions for personal injuries resulting from negligence, the conduct of both parties is in issue. The injured party is not negligent in not foreseeing danger which there was no reason to suspect. The same rule should be applied to the other party.

**Memorandum.**—Case. In the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Declaration; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, A. D. 1893. Reversed and remanded. Opinion filed April 19, 1893.

The opinion states the case.

BAILEY & WALDO, attorneys for appellant.

Brandt & Hoffmann, attorneys for appellee.

Opinion of the Court, Gary P. J.

The appellee was in the service of the appellant as a laborer, and was injured while assisting to unload from a wagon some heavy timbers. He alleges that he was pushed into a dangerous place by the foreman and ordered to work there.

On that occasion it seems to have been the manner of unloading the timbers, which, being much longer than the wagon, projected several feet beyond the hind end of it, that several men, of whom the appellee was one; lifted the rear end of the timber and carried it to a rest on the hind wheel of the wagon on the side from which the unloading was being done, and then bearing down on that end of the timber, raised and swung the forward end as they desired. In so doing the appellee was under the timber.

The piece on which they were at work having been brought to a rest on the hind wheel and the rear end of the timber being borne down, it slipped from the wheel and fell upon appellee.

Now, if the place in which the appellee worked was one of danger, why he was there, was material on the question of his own care; but the event by itself, does not prove that the place was one of danger so obvious, that the appellant, through the foreman, was guilty of negligence in putting the appellee there to work.

The appellant endeavored by questions to witnesses to show that the ordinary and usual way of unloading was adopted in this instance, but the court would not permit it, and the appellant excepted.

As the appellee had not worked for the appellant until the day he was hurt, and as the piece of timber which fell was the first to be unloaded in the same manner, it may be conceded, that the offered evidence had no relation to the question of his own care; but if that method was the ordinary and usual one, was the slipping of the timber from the wheel, when under the supposed control of the men who

had lifted it there, such an incident that the probability or possibility that it might happen should have been anticipated by the appellant? Accidents may happen under almost any conceivable circumstances.

The appellant did not insure the safety of the appellee, but it was its duty not to expose him to foreseen or suspected danger. If, however, neither observation nor experience suggested any danger in pursuing the ordinary and usual course in the conduct of the business, where is the negligence in continuing that course?

The rejected evidence should have been admitted, and had it appeared that the method of unloading was usual, and had often been adopted without accident, the appellant would have had the basis of an argument that it was not dangerous. It would then have been open to the appellee, in reply, to prove accidents in pursuing that method. The case would not have resembled Kolb v. Chicago Stamping Company, 33 Ill. App. 488, but Chicago-Anderson P. B. Co. v. Reinneiger, 140 Ill. 334; S. C., 41 Ill. App. 324.

Field v. Davis, 27 Kansas, 400, is in point, and the reasoning there commends itself to our judgment.

In actions of personal injuries resulting from negligence, the conduct of both parties is in issue. We have held that the injured party is not negligent in not foreseeing danger which there was no reason to suspect. Dunham v. Daudelin, 41 Ill. App. 175.

The same rule should be applied to the other party.

We do not decide that the opinions of witnesses as to proper methods were admissible; onlyt what had been ordinary and usual methods.

Without considering, or rather without deciding other questions in the case, the judgment is reversed and the cause remanded.