LEHIGH VALLEY RAILROAD COMPANY, Respondent, *v.* CANAL BOARD et al., Appellants.

Constitutional law — provision of Barge Canal Act (L. 1903, ch. 147) requiring state to pay cost and expense of raising or rebuilding railroad bridges over streams taken for the canal — such provision not a violation of State Constitution (Art. 8, § 9) — railroad company not entitled to compensation for loss or damage from interference with its business caused by changes in bridges.

1. The provision of the State Constitution (Art. 8, § 9) that "Neither the credit nor the money of the State shall be given or loaned to or in aid of any association, corporation or private undertaking," does not prevent the legislature from recognizing claims founded on equity and justice, though such claims are not such as could have been enforced in a court of law if the state had not been immune from suit.

2. The statute (L. 1903, ch. 147) providing for the construction of the barge canal is not unconstitutional, because the state therein assumed for itself the cost and expense of raising and rebuilding bridges previously erected by railroad corporations over streams being canalized for the barge canal, or in building new bridges in place thereof, where such changes are necessitated by the improvements made in such streams for the barge canal.

3. A railroad company is entitled to a judgment restraining the state from raising, trespassing upon or interfering with a railroad

bridge over a stream used for and in the construction and improvement of the barge canal unless either the state constructs a new bridge and approaches thereto or appropriates for the canal the bridge and its approaches in the manner prescribed by the statute (L. 1903, ch. 147, § 4). The company is not entitled, however, to be compensated for loss or damage by interference with its business in the conduct of its railroad caused by the proper or necessary substitution of the new bridge for the old, or to compensation in advance of the appropriation or disturbance of the bridge, and a judgment providing for such compensation is erroneous and should be modified to conform with the statute.

*Lehigh Valley R. R. Co.* v. *Canal Board*, 146 App. Div. 151, modified.

(Argued February 1, 1912; decided February 20, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 24, 1911, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas Carmody, Attorney-General (Edward J. Mone* of counsel), for appellants. If the Barge Canal Act is to be construed as imposing upon the state the cost of reconstructing railroad bridges over navigable rivers it contravenes the provisions of section 9 of article 8 and section 19 of article 3 of the State Constitution. (*Trustees* v. *Roome*, 93 N. Y. 313; *S. P. Assn.* v. *Mayor, etc.*, 152 N. Y. 257; *Fox* v. *M. & H. R. H. Society*, 165 N. Y. 517; *People* v. *B. C. Co.*, 187 N. Y. 142; *People* v. *Salem*, 20 Mich. 452; *Cole* v. *State*, 102 N. Y. 48; *O'Hara* v. *State*, 112 N. Y. 146; *Wrought Iron Bridge Co.* v. *Attica*, 119 N. Y. 204; *Cayuga County* v. *State*, 153 N. Y. 279; *People ex rel. Dady* v. *Prendergast*, 144 App. Div. 308; 203 N. Y. 1.) If the act is to be regarded as providing for the payment of a claim of the railroad company for dam-

ages then it contravenes section 19 of article 3 of the Constitution. (Cooley on Const. Lim. 286; *Board of Education* v. *State*, 51 Ohio St. 531; *People ex rel. Colesville* v. *D. & H. Co.*, 177 N. Y. 337; *Matter of Boston & Albany R. R. Co.*, 64 App. Div. 257; 170 N. Y. 619; *Matter of N. Y. C. & H. R. R. R. Co.*, 136 App. Div. 760; 200 N. Y. 121; *N. Y. & N. E. R. R. Co.* v. *Bristol*, 151 U. S. 556; *Bush* v. *Bd. of Suprs.*, 159 N. Y. 212; *Weismer* v. *Vil. of Douglas*, 64 N. Y. 91; *Chapman* v. *State*, 168 N. Y. 80; *Mahar* v. *Bd. of Education*, 171 N. Y. 263; *Stemmler* v. *Mayor, etc.*, 179 N. Y. 473.)

*Frank H. Platt* for respondent.

CULLEN, Ch. J.   The action is brought to restrain the defendants, who are state officers and contractors engaged in the construction of the new barge canal, from interfering with the plaintiff's bridge across the Seneca river, which is being canalized to form part of the new canal.  The first structure was erected by the Southern Central Railroad Company in the year 1871 to carry its railroad across the river.   This bridge was replaced by the present structure in 1888, about which year the plaintiff acquired the road of the Southern Central.   The proposed improvements of the river require that the bridge be raised 7 8-10 feet above its present height and that certain of the piers on which the superstructure now rests should be removed, thus practically necessitating the construction of a new bridge, and the substantial controversy, tersely stated, is which shall pay for the new bridge, the railroad company or the state. The Special Term decided in favor of the plaintiff that the expense of the reconstruction of the bridge is to be defrayed by the state, and the Appellate Division has affirmed that decision.

We agree with the disposition of the case made by the courts below except in one respect, the form of the judg-

ment, and concur in the opinion written by Presiding Justice MCLENNAN of the Appellate Division, but shall add something as to the constitutionality of the statute as construed by the courts below and by this court, which has been vigorously assailed by the learned attorney-general.  The trial court found as a matter of fact that the Seneca river at the point where plaintiff's bridge crosses it was, in 1871, at the time of the erection of the first structure, and ever has been, impossible of navigation by either steam or sail boats and that, therefore, its construction was authorized under subdivision 5, section 28 of the General Railroad Act of 1850 (Ch. 140), which was the statute extant at the time plaintiff's predecessor constructed its railroad, and so the Appellate Division held that the bridge was a lawful structure.

That court acceded to the contention on behalf of the appellants that the Seneca river having been a navigable stream, title to the bed of which still remained in the state, it was at all times competent for the legislature to increase its navigability without compensation for injuries occasioned thereby.  But the court further held that while the legislature might have placed on the plaintiff and the owners of other structures across the river the burden of removing or altering those structures so as not to interfere with the proposed improvement of the river, still, under the statute enacted for the construction of the barge canal, the state had assumed for itself the cost and expense of building the bridges.  The reasons for the construction of the statute adopted by the court below are sufficiently given in its opinion and need not be repeated here. .

This brings us to the question of the constitutionality of the statute under the construction we have given to it. The Constitution prescribes (art. VIII, § 9): "Neither the credit nor the money of the State shall be given or loaned to or in aid of any association, corporation or private undertaking."  It is contended that as the legisla-

ture might have compelled the plaintiff and the other companies owning and maintaining bridges across the river to remove or reconstruct them at their own expense, the assumption of the expense by the state was in effect a gift of the state's money to the corporation. We think not. In *Town of Guilford* v. *Supervisors of Chenango County* (13 N. Y. 143) the broad doctrine was laid down: " The legislature is not confined in its appropriation of the public moneys, or of the sums to be raised by taxation in favor of individuals, to cases in which a legal demand exists against the state. It can thus recognize claims founded in equity and justice in the largest sense of these terms, or in gratitude or charity." (p. 149.) That doctrine was abrogated by the constitutional amendments of 1895 already quoted. From that time public moneys, whether of state or municipality, could no longer be expended in the exercise of gratitude or charity. (*Matter of Mahon* v. *Bd. of Education*, 171 N. Y. 263.) But the amendment did not prevent the legislature from recognizing claims founded on equity and justice, though not such as could have been enforced in a court of law if the state had not been immune from suit. The cases of *Cole* v. *State of N. Y.* (102 N. Y. 48) and *O'Hara* v. *State of N. Y.* (112 N. Y. 146) are clear authorities to this effect. The doctrine contended for by the attorney-general would be destructive of legislation which has existed and rights under which have been enforced unchallenged for many years. A similar constitutional limitation of the expenditure of public moneys by municipal corporations is enacted by section 10 of article VIII of the Constitution. " No county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation." The railroad companies could be compelled at their own expense to abolish all grade crossings in the state (*N. Y. & N. E. R. R. Co.* v. *Bristol*, 151 U. S. 556), and to carry any highways newly laid out across their

railroads without compensation. (*Albany Northern R. R. Co.* v. *Brownell*, 24 N. Y. 345.) Yet, the present Railroad Law imposes only one-half the cost of changing a grade crossing to an overhead or under grade crossing upon the company, while the other half is imposed upon the state and the municipal corporation in equal shares. In the case of a new highway across a railroad the expense is similarly apportioned. In *Radcliff's Exrs.* v. *Mayor, etc., of Brooklyn* (4 N. Y. 195) it was held that a municipality is not liable for damages caused to abutting property by change of the grade of a street, and this remains the law. But now there are statutes substantially applicable to all cities and villages which enforce compensation to abutters for damages occasioned by a change of grade, although without such a statute no legal liability would rest on the municipalities. In the case before us it cannot be said that the claim of the railroad company that the expense entailed by the improvement of the Seneca river should be borne by the state and not by it is devoid of reasonable semblance of justice and equity. The work will in no respect inure to the benefit of the railroad company. On the contrary, it will create for it a competitor. The bridge has been maintained for forty years. It may be said that in law the company should have contemplated the possibility that the legislature would at some future time make such changes in the river as to render it navigable and that those changes might interfere with the company's railroad. Yet, in fact, the probability of such an occurrence may never have suggested itself. The legislation before us cannot be distinguished in principle from that for the improvement of the bridge across the Harlem river and the viaduct on Fourth avenue in the city of New York, and whether justice, under the circumstances, required the assumption by the state of the whole cost of rebuilding the bridges or only part thereof was a matter fairly and reasonably within the discretion of the legislature.

The judgment is erroneous in form. The first, second and third paragraphs are mere findings of law and have no place in the judgment and should be stricken therefrom. (*Porter* v. *International Bridge Co.,* 200 N. Y. 234.) The remainder of the judgment is subject to misconstruction. The defendants are restrained from entering upon or interfering with the structures of the plaintiff without making full and complete compensation for all damages and expenses suffered by it in raising said bridge or from doing any work in connection with the canal in such manner as will injure the plaintiff in the conduct of its business, without making full and complete compensation for all damages suffered and incurred by the plaintiff. This may be interpreted as requiring the defendants, as agents of the state, to make compensation in advance of the appropriation or disturbance of the plaintiff's bridge, and also as requiring compensation for incidental damages by the interference with its business during the alteration of the bridge. We think the bridge includes the approaches thereto for a reasonable distance to enable the trains to reach the elevation of the new structure. But we know of no principle on which the plaintiff is entitled to be compensated for loss or damage by interference with its business in the conduct of its road caused by the proper or necessary substitution of the new bridge for the old. It is doubtful whether in a case where there is actual taking of property within the constitutional provision for compensation consequential damages for interference with business can be claimed as a matter of right. In this case the right to indemnity or to immunity from expense rests solely on the statute which does not grant such compensation. The judgment, therefore, should be so modified as in substance to restrain the defendants or their agents from trespassing upon or interfering with plaintiff's bridge unless either they construct, as required by statute, a new bridge and approaches or appropriate the said bridge and its

approaches in the manner prescribed by section 4 of chapter 147 of the Laws of 1903, being the. act authorizing and directing such improvement.

The judgment as modified should be affirmed, with costs to the respondent.

GRAY, WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment accordingly.