MARTHA G. D. BIANCHI, Appellant, v. MAURICE LEON et al., Respondents.

Judgment — defective judgment in action to set aside mortgage on ground of duress.

A judgment in an action to set aside a mortgage or deed of trust on the ground of duress and abuse of process, no valid counterclaim being interposed, is defective in form where it not only adjudges the validity of the mortgage and dismisses the complaint on the merits, but incorporates a conclusion of law to the effect that "the claims described in the said conveyance in suit are all due and owing with interest as stated therein."

*Bianchi* v. *Leon*, 156 App. Div. 899, modified.

(Argued April 21, 1916; decided May 9, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 18, 1913, affirming a judgment in favor of

defendants entered upon a decision of the court on trial at Special Term.

*F. P. Ufford* and *Philip Carpenter* for appellant.

*Henry W. Hardon, Maurice Leon, George Gordon Battle* and *Isaac H. Levy* for respondents.

*Per Curiam.* This action is brought to set aside a mortgage or deed of trust on the ground of duress and abuse of process. A judgment in favor of the defendants has been unanimously affirmed at the Appellate Division. The plaintiff claims that the conclusion of duress and abuse of process must be drawn as an inference of law from the facts found. We do not share that view. The inference, if permissible at all, is at the utmost one of fact. The courts below have refused to draw it, and their conclusion in that regard is not subject to review.

The judgment is, however, defective in form. It not only adjudges the validity of the mortgage and dismisses the complaint on the merits with costs, but it incorporates a conclusion of law to the effect that "the claims described in the said conveyance in suit are all due and owing with interest as stated therein." Not every conclusion of law has a place in a judgment (*Porter* v. *International Bridge Co.*, 200 N. Y. 234; *Lehigh Valley R. R. Co.* v. *Canal Board*, 204 N. Y. 471, 477). The measure of the present indebtedness is not germane to this action. The amount now due upon the mortgage must be determined in an action of foreclosure. To adjudicate it or seem to adjudicate it now might lead to embarrassment hereafter (*House* v. *Lockwood*, 137 N. Y. 259). The defendants argue that the adjudication may be upheld as responsive to a counterclaim pleaded in their answer. But the so-called counterclaim is one in name only (*Walker* v. *American Cent. Ins. Co.*, 143 N. Y. 167). It does not demand the foreclosure of the mortgage. It does not even allege how much of the debt remains unpaid (*Conkling* v. *Weatherwax*, 181 N. Y. 258). The mortgaged land is in Massachusetts;

and it is there that the defendants intend to enforce their lien. What is styled a counterclaim is merely a narrative of facts that would have been provable in any event under the denial of duress. The narrative ends with a prayer that the mortgage be held valid. That is merely to ask in other words for a dismissal of the complaint (*Walker* v. *Am. Cent. Ins. Co.*, *supra*). The case must have been tried upon that theory, for no reply was served, and there was no suggestion that one was necessary. We think that there was in truth no counterclaim, and that the judgment is irregular in declaring the extent of the indebtedness. Other objections to its form have been made by the plaintiff. They have not been overlooked, but we think they are untenable (*Rudiger* v. *Coleman*, 199 N. Y. 342).

The judgment should be modified by striking out the provision that "the claims described in the said conveyance in suit are all due and owing with interest as stated therein," and as modified affirmed, without costs to either party in this court.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDE-BACK, CARDOZO and POUND, JJ., concur; HOGAN, J., absent.

Judgment accordingly.