THE DELAWARE AND HUDSON COMPANY, Respondent, *v.*
THE STATE OF NEW YORK, Appellant.

Third Department, November 12, 1919.

State — liability of railroad for reconstruction of bridge over navi-
gable river — when State liable for sums paid by railroad on judg-
ments of property owners for damages.

Where the State, having made a portion of the Mohawk river a part of the
Barge canal, required a railroad company, which had maintained a bridge
over said river for many years, to increase the clearance of its bridge and
to reconstruct the same to comply with the canal requirements which
involved the raising and regrading of the approaches to the bridge in
an incorporated village, and the railroad company, in order to regrade
the approaches, was required by the village to agree to save it harmless
from the damage claims of property owners resulting from such change,
and the railroad company has paid to such property owners judgments
entered against it, the State is liable to the railroad company not only
for the cost of reconstructing the bridge but also for the sums which the
railroad company was required to pay to the property owners on their
judgments.

It is no defense to an action by the railroad company against the State
that the title to the Mohawk river was in the State or that the Court
of Claims had no jurisdiction to hear the claim, the contrary having been
held by the Court of Appeals, nor is it a defense that the State was not
notified of the claims of the landowners against the railroad under its
agreement and had no chance to defend the same.

But it was error to include in the judgment against the State sums paid
to the incorporated village for disbursements and the services of its attorney
in the proceedings to recover damages caused by the change of grade
or to include a sum paid by the railroad company to an expert for services
rendered, and the judgment of the Court of Claims should be modified
accordingly.

APPEAL by the defendant, The State of New York, from an
order and judgment of the Court of Claims in favor of the
plaintiff, entered in the office of the clerk of said court on the
13th day of February, 1919.

*Charles D. Newton,* Attorney-General [*Carey D. Davie,
Deputy Attorney-General,* of counsel], for the appellant.

*Lewis E. Carr,* for the respondent.

LYON, J.:

The question involved on this appeal is as to the liability of the State for the expense of raising Second street in the village of Waterford, N. Y., to the grade established by the bridge over the Mohawk river which the respondent was compelled to raise and reconstruct to conform to the Barge Canal Act.

The respondent is the successor in title of the Rensselaer and Saratoga Railroad Company, which was incorporated under a special act (Laws of 1832, chap. 131), and which crosses the fourth branch of the Mohawk river at the village of Waterford, N. Y. Its tracks approach both sides of the river along Second street. The street is carried over the branch of the river, which is navigable, by a driveway constructed upon and supported by brackets attached to one side of the railroad bridge. The bridge was built about 1890. It was about 700 feet long and consisted of seven spans. It was supported by two abutments upon the sides of the stream and six piers located in the channel of the river. It carried a single track of railroad. The river has been a part of the canal system of the State since 1891. The title to the bed of the stream is in the State. The respondent never obtained any franchise for the construction of a bridge, aside from such rights as it obtained from its charter. The bridge as constructed did not afford sufficient clearance for the Barge canal, and in January, 1911, the State served upon the respondent a clearance diagram showing the changes necessary to be made. In 1912 this plan was amended, and the respondent accordingly reconstructed its bridge in accordance with such amended plan.

The action as originally brought was to recover the expense incurred by the respondent in reconstructing the bridge to comply with the canal requirements, and the expense occasioned by the change of grade. Since the decision of the Court of Appeals in the case of *Oswego & Syracuse R. R. Co.* v. *State* (226 N. Y. 351), the defense to the part of the claim for reconstructing the bridge has been abandoned. The issue now remaining is whether the other expenses in connection with the raising of the grade of Second street are properly chargeable to the State.

The bridge was elevated about six and one-half feet, which

required raising the approaches to the bridge to conform to the new elevation. The respondent made application to the trustees of the village for permission to change the grade of the street. It executed and delivered a written agreement to indemnify and save harmless all claims of property owners to damages by reason of such change of grade. The village thereupon gave the necessary permission. After the work was performed several property owners filed claims against the village for damages sustained by them by reason of such change of grade. Commissioners were appointed under the Village Law,. of which the respondent had notice, and it in turn claims to have notified the State. The commissioners awarded damages against the village. The village then brought an action against the respondent to recover the amount of the award. The respondent interposed an answer which was stricken out. Judgments were then entered against the respondent. The remaining lot owners brought action against respondent under the authority of *Rigney* v. *N. Y. C. & H. R. R. R. Co.* (217 N. Y. 31), in which actions judgments were entered against the respondent. The judgments amounted, together with $500 paid to an attorney of the village for services in the proceedings, and $25 paid to an expert, to $39,658.39. These judgments the respondent paid. For that amount, with interest from the time of the payments, with the expenditures for the elevating and reconstruction of the bridge, with interest, this claim was made. Judgment was entered in respondent's favor against the State upon an award by the Court of Claims for $143,222.05, February 13, 1919, from which award this appeal is taken.

The State bases its claim of non-liability for the expense occasioned by the change of grade of Second street, upon the respondent having executed an agreement whereby it assumed and agreed to indemnify the village against all claims for damages to property occasioned by such change of grade, claiming that the State was not a party to such agreement and had no connection with, participation in or knowledge of the transaction. The village of Waterford is governed by the Village Law of the State. Its board of trustees has supervision of its streets. It had the right to grant to the railroad company the power to raise the grade of Second street. This

it did upon the condition that the company should pay such damages as the lots abutting on the street should sustain by such elevation of the railroad tracks. The railroad had no option. It had to accept the conditions. It is no defense that the State might have raised the grade of the street without any liability for damages. Under the agreement between the railroad company and the village, the company elevated its tracks to the level of the bridge. Twelve lot owners filed claims for damages. The village called upon the railroad company to defend them. This it did. The defense resulted in judgment against the railroad company. The remaining twelve lot owners sued and these suits also resulted in recoveries.

When the State was called upon to reimburse the railroad it interposed three defenses: *First*, that the Mohawk river was navigable, and the title in the State; *second*, that the State was not notified of these claims of lot owners and had no chance to defend them, and *third*, that the claims were not filed in the time prescribed by law, and the Court of Claims had no jurisdiction to hear them. The first and third defenses are disposed of by the case of *Oswego & Syracuse R. R. Co.* v. *State* (226 N. Y. 351).

As to the second defense. Under the agreement which the railroad company was compelled to execute as a condition of its raising the grade of the approaches, it was obliged to pay the sums adjudicated against it in the proceedings by the village and the lot owners. The Court of Appeals held in *Lehigh Valley R. R. Co.* v. *Canal Board* (204 N. Y. 471, 477) that the bridge included the approaches thereto for a reasonable distance to enable the trains to reach the elevation of the new structure; hence the obligation rested upon the State to pay for the approaches as well as for the bridge. " The duty of the State was to build another bridge at its own cost, to replace the one destroyed. It refused to fulfill that duty, and put the burden on the owner, who yielded under protest. Reparation in damages must now atone for the wrong of the State in refusing reparation in specie." (*Oswego & Syracuse R. R. Co.* v. *State, supra.*) Such damages are what it cost the respondent.

The judgment contains an award for $525, with interest thereon from May 13, 1916, to February 13, 1919, amounting

to $86.63. Concededly, this item consisted of $500 paid to the village of Waterford upon its claim for disbursements and services of its attorney in reference to the proceedings for the recovery of damages caused by the change of grade of Second street. Twenty-five dollars was paid by the respondent to an expert for services. The court found at the request of the State that the claimant was not entitled to recover any such sum or any other sum on that account. The court inadvertently included said sum and interest in the amount of $39,658.39, which it found to be the cost of the approaches.

The judgment should, therefore, be modified by deducting the sum of $611.63, and as so modified affirmed.

Judgment modified by deducting the sum of $611.63, and as so modified unanimously affirmed.