In the Matter of the Application of the CITY OF NEW YORK for a Determination as to the Manner in Which Park Lane South Shall Be Carried Across the Right of Way of the Montauk Division of the Long Island Railroad Company.

LONG ISLAND RAILROAD COMPANY, Appellant; TRANSIT COMMISSION OF THE STATE OF NEW YORK and Another, Respondents.

Second Department, June 27, 1923.

Railroads — overhead railroad crossing — railroad must bear one-half cost of construction, including approaches to bridge, under Railroad Law, §§ 90, 94.

The words " such crossing above or below the grade of the railroad," as used in subdivision 2 of section 94 of the Railroad Law, refer to the crossing as a *whole*, including the approaches, and not merely to that particular part of the structure over the actual limits of the railroad right of way.

Accordingly where an overhead crossing of a railroad is to be constructed in a city the railroad company is required by sections 90 and 94 of the Railroad Law to bear one-half the cost of construction, including the approaches to the actual bridge construction.

APPEAL by the Long Island Railroad Company from a determination of the Transit Commission of the State of New York, made pursuant to section 90 of the Railroad Law and dated the 20th day of December, 1921, prescribing the method that the appellant shall use in carrying a new street across its tracks.

The opinion of the Transit Commission is reported in *Matter of City of New York* (27 State Dept. Rep. 137).

*Louis J. Carruthers* [*Joseph F. Keany* with him on the brief], for the appellant.

*Carleton S. Cooke* [*George O. Redington* with him on the brief], for the respondent Transit Commission of the State of New York.

*Vincent Victory* [*George P. Nicholson, Corporation Counsel,* with him on the brief], for the respondent City of New York.

KELBY, J.:

On February 25, 1921, the board of estimate and apportionment of the city of New York adopted a resolution, which was approved by the mayor of the city on March 9, 1921, changing the map or plan of the city by establishing lines and grades for Park Lane South, a new street, across the Long Island railroad's right of way. On the same day, by a separate resolution, the board of estimate and apportionment determined that public necessity required that said new street be carried across the railroad's right of way, and requested the Public Service Commission for the First District to determine the method of crossing. Proceedings were subsequently had before the Transit Commission pursuant to section 90 of the Railroad Law. Concededly the proceedings were regular in form, and the parties are in accord as to the kind of bridge over the right of way of the railroad, the height, length and material thereof, and as to the determination of the Transit Commission that there shall be an overhead crossing rather than one at grade or under the railroad.

The order also provided for approaches for the crossing, and the Commission further determined that the expense of constructing the bridge, together with its approaches, shall be apportioned equally between the Long Island Railroad Company and the city of New York.

The Long Island Railroad Company contends on this appeal that it should not pay any part of the cost of the crossing outside of the limits of the actual railroad right of way; in other words, that the railroad company is required to construct only the bridge proper and its spans and supports, but is not required to bear any share of the expense incident to carrying the highway up to the level of the bridge proper.

Bearing in mind that the Transit Commission, a party to this proceeding, has, pursuant to section 76 of chapter 134 of the Laws of 1921 and section 5-a of the Public Service Commission Law (added by Laws of 1921, chap. 134, as amd. by Laws of 1921, chap. 335), succeeded to the powers of the Public Service Commission, named in the statute, the parts of the Railroad Law (as respectively amd. by Laws of 1914, chap. 378, and Laws of 1915, chap. 240, and also by Laws of 1921, chap. 698) relative to this proceeding read in part as follows:

" § 90. * * * When a new street * * * shall hereafter be constructed across a steam surface railroad * * * such street * * * shall pass over or under such railroad or at grade, as the Public Service Commission shall direct. * * * The Public Service Commission shall determine whether such street * * *

shall be constructed over or under such railroad or at grade.
\* \* \* If the Public Service Commission shall determine that such
street  \*  \*  \* shall be carried across such railroad above the grade
thereof, then said Public Service Commission shall determine the
height, the length and the material of the bridge or structure by
means of which such street  \*  \*  \* shall be carried across such
railroad, *and the length, character and grades of the approaches thereto.*
\*  \*  \* The decision of the Public Service Commission as to the
manner and method of carrying such new street  \*  \*  \* across
such railroad shall be final, subject however to the right of appeal
hereinafter given.  \*  \*  \*

" § 94. Performance of work; division of expense;  \*  \*  \*

" 2. Whenever under the provisions of section ninety of this
chapter a new street  \*  \*  \* is constructed across an existing
railroad, the railroad corporation shall pay one-half and the munici-
pal ·corporation having jurisdiction over such street  \*  \*  \*
shall pay the remaining one-half of the expense of making such
crossing above or below the grade of the railroad.  \*  \*  \*

" 6. In carrying out the provisions of sections eighty-nine,
ninety and ninety-one of this chapter  \*  \*  \* the work shall be
done by the railroad corporation or corporations affected thereby,
subject to ·the supervision and approval of the Public Service Com-
mission; and in all cases, except where the entire expense is paid by
the railroad corporation,  \*  \*  \* the expense of construction
shall be paid primarily by the railroad corporation, and the expense
of acquiring additional lands, rights or easements shall be paid pri-
marily by the municipal corporation having jurisdiction over the
street,  \*  \*  \*. Plans and specifications of all changes proposed
under sections ninety  \*  \*  \* of this chapter and an estimate
of the expense thereof shall be submitted to the Public Service
Commission for its approval before the letting of any contract."
Section 90 and subdivisions 2 and·6 of section 94 were amended by
chapter 698 of the Laws of 1921, in effect May 12, 1921; but in
terms that in no way affect the decision here, except that such
amendment modified the phraseology as herein quoted.

The first question that presents itself is, What is the meaning
of the language in section 90, " If the Public Service Commission
shall determine that such street  \*  \*  \* shall be carried across
such railroad above the grade thereof, then said Public Service
Commission shall determine the height, the length and the material
of the *bridge or structure* by means of which such street  \*  \*  \*
shall be carried across such railroad, and the length, character and
grades of the approaches thereto ? " Does the term " bridge or
structure " include the approaches to the actual bridge construction,

Second Department, June, 1923. [Vol. 206

or does it mean the bridge proper, severed from the approaches, leaving only the actual bridge extending over the railroad right of way?

In the case of *Lehigh Valley R. R. Co.* v. *Canal Board* (204 N. Y. 471, 477) the Court of Appeals said: " We think the bridge includes the approaches thereto for a reasonable distance to enable the trains to reach the elevation of the new structure." That case did not have reference to the statute under review, but it is adverted to because of the definition of the word " bridge." In 4 Ruling Case Law (p. 194, § 2) a bridge is defined as follows: "A bridge is usually regarded as a complete passageway, and includes whatever makes it accessible. Therefore, the approach of a bridge for a reasonable limit is regarded by law as a part of the bridge itself." So it has been held in many cases that the legislative grant of power to construct a bridge carries with it the right to elevate the bridge to a sufficient height to avoid the danger of ice and floods, and the right to elevate carries with it, by necessary implication, the right to construct reasonable and proper approaches. An examination of the map in evidence in this proceeding, showing the topography of the neighborhood, shows that the street could not be carried across the railroad without approaches. The map further shows that the approaches extend on the west side of the railroad 320 feet, and on the east side 200 feet, to the natural street grade which would have been followed were it not for the presence of the railroad tracks of the appellant. No point is made here that the contemplated approaches are too long or that the determination of the Commission as to the length of the approach is unreasonable.

Section 94, subdivision 6, above quoted, also states that in carrying out the provisions of section 90 the work shall be done by the railroad corporation affected thereby. This part of the statute, however, is not conclusive as to who shall bear the cost, but is rather designed to give the railroad company control of construction so as to minimize interference with the management of trains.

Bearing in mind the definition of " bridge " as hereinbefore set forth, it is concluded that the words, " such crossing above or below the grade of the railroad," incorporated in section 94, subdivision 2, refer to the crossing as a *whole*, including the approaches, and not merely to that particular part of the structure that will be suspended over the actual limits of the railroad right of way.

For these reasons I recommend that the determination of the Transit Commission be confirmed, without costs.

Present — Rich, Jaycox, Kelby, Young and Kapper, JJ.

Determination of the Transit Commission unanimously confirmed, without costs.