SEASIDE HOME FOR CRIPPLED CHILDREN, INC., Appellant,
*v.* ATLANTIC BEACH ASSOCIATES, Respondent.

*Practice — trespass — title — action to enjoin trespass upon real property — judgment improper in form.*

A judgment in an action to restrain a trespass upon real property, which incorporates therein all of the findings of fact not simply by way of recital but preceded by the words " It is ordered and decreed " is improper in form.

*Seaside Home for Crippled Children, Inc.,* v. *Atlantic Beach Associates,* 212 App. Div. 883, modified.

(Argued October 28, 1925; decided November 24, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 24, 1925, unanimously affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term. The action was to enjoin an alleged continuing trespass upon real property. The answer denied plaintiff's title to said property.

*Abel E. Blackmar* and *Meier Steinbrink* for appellant.

*Charles L. Woody, C. E. Russell* and *J. Russell Sprague* for respondent.

*Per Curiam.* The solution of the dispute between the parties in this action depends upon the location of the easterly line of the appellant's property. This raises a question of fact which has been determined in favor of the respondent and that determination has been unanimously affirmed by the Appellate Division. We may not interfere with this result.

The judgment, however, is not proper in form. All of the findings of fact have been incorporated therein, not simply by way of recital but preceded by the words " It is ordered and decreed." This is not the correct practice nor is it in accord with direction for judgment given by the trial judge at the conclusion of his findings. (*Porter* v. *International Bridge Co.,* 200 N. Y. 234, 252.)

It should, therefore, be modified by striking therefrom all adjudications except those to the effect that the plaintiff

has failed to prove that it owns the land upon which the defendant has entered and constructed its two rows of spiles and upon which it proposes to construct a bridge, and as so modified it should be affirmed, without costs.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.