THE CITY OF NEW YORK, Respondent, *v.* NEW YORK, WESTCHESTER AND BOSTON RAILWAY COMPANY, Appellant.

First Department, June 20, 1935.

*Edward Ward McMahon* of counsel [*Ralph P. Buell* and *John F. Kiernan* with him on the brief; *Graham, McMahon, Buell & Knox*, attorneys], for the appellant.

*Edmund L. Palmieri* of counsel [*Paxton Blair* and *Frederick V. P. Bryan* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

O'MALLEY, J. The question presented is whether under the terms of a franchise from the city of New York to defendant's predecessor, hereinafter called defendant, the latter is liable for the entire cost of the erection of an overhead structure at East One Hundred and Seventy-fourth street in the borough of Bronx, city of New York, the lines of which street are crossed by defendant's railroad. This cost, in the sum of $334,460.07 and a total judgment in the sum of $472,897.04, has been charged against the defendant upon the theory that the structure in question constituted an approach to an overhead crossing of defendant's tracks.

By written contracts between the parties dated August 11, 1904, and amended January 29, 1909, the defendant was given the right to cross certain streets and highways in the construction and operation of its railroad. The contract was granted upon the following condition:

"*Seventh.* No street shall be crossed by the railway at grade, and all streets now open or in use, or streets hereafter opened crossing the line of said railway shall be carried over or under said railway by the grantee, at the sole cost and expense of the grantee. The cost of all *approaches* to said crossings and any damages to property incurred by such change of grade shall likewise be borne and paid by the grantee." (Italics ours.)

The defendant's railroad runs north and south in the Bronx River valley, and to the east of its tracks are those of the New York, New Haven and Hartford railroad. The Bronx River valley has comparatively steep grades on its east and west sides.

The structure here in question runs westerly from the defendant's bridge over its tracks. This bridge was constructed by the defendant in 1912 and pursuant to the terms of the contract above set forth it bore the entire expense. This overhead bridge is connected on the east with a similar bridge over the tracks of the New York, New Haven and Hartford railroad.

On the west defendant's overhead bridge ended on the westerly side of its right of way with an abutment having a drop of more than thirty feet to the valley bottom. To the west of defendant's track the Bronx river flows southerly. As completed, East One Hundred and Seventy-fourth street has been carried across the valley by an overhead structure which, on the west, runs above West Farms road, and, on the east, over the lower grade of DeVoe avenue, a planned street. The entire viaduct along East One Hundred and Seventy-fourth street runs from Boone avenue on the west to Bronx River avenue on the east, a distance of approximately 1,300 feet.

On its westerly side the valley rises from twelve feet elevation at West Farms road to some forty-three feet at Boone avenue. On the easterry side it rises from eight feet on DeVoe avenue to twenty-five feet at Bronx River avenue.

Defendant's tracks were laid in their present location in 1912, pursuant to the amended contract between the parties to the action dated January 29, 1909. Under the original contract they were not to run in the Bronx River valley.

Before their location in their present position, plans of the New York, New Haven and Hartford Railroad Company were approved by resolution of the board of estimate and apportionment, October 26, 1906, for a bridge over the latter's tracks at an elevation of thirty-nine feet. By resolution dated April 19, 1907, the same board fixed the grade of a proposed bridge over the river at twenty-four and one-half feet, DeVoe avenue at thirty-four and one-half feet, and the New Haven bridge at thirty-nine feet. The grades thus fixed were carried on a map duly filed August 8, 1907. The board likewise passed a resolution dated May 7, 1909, adopting a map which gave a grade to East One Hundred and Seventy-fourth street at the New Haven tracks of thirty-nine feet.

It is thus apparent that before the defendant laid its tracks in their present position, the plaintiff had decided not to carry East One Hundred and Seventy-fourth street across the valley at the natural levels from point to point.

Before construction of defendant's railroad in the valley, the board also approved two bridges, one over the New Haven tracks slightly changed from that approved October 26, 1906, but retaining the thirty-nine-foot elevation, and the second, that over the defendant's tracks, also with an elevation of thirty-nine feet.

A permit from the War Department of the United States, first granted November 16, 1915, and from time to time continued, authorized the city to maintain a fixed bridge over the river, but required a clearance of one hundred feet in width and thirty feet in height above mean water.

The structure, for the cost of which the judgment appealed from holds the defendant liable, runs from the westerly side of the bridge built over its own tracks to the westerly abutment of the westerly approach and is about sixty feet wide and roughly speaking about six hundred feet in length. There is also included a fill and retaining walls of some two hundred and seventy feet in length from the westerly abutment to the natural level.

Contracts and statutes must be given a reasonable interpretation in accordance with their purposes and plain intent. (*Robia Holding Corp.* v. *Walker*, 257 N. Y. 431; *McAneny* v. *N. Y. C. R. R.*

*Co.*, 238 id. 122; *Gillet* v. *Bank of America*, 160 id. 549.) The approaches necessarily to be erected at the expense of the defendant under the terms of its contract would be only reasonable incidental approaches. (*McAneny* v. *N. Y. C. R. R. Co.*, *supra; Lehigh Valley R. R. Co.* v. *Canal Board*, 204 N. Y. 471, 477; *Matter of City of New York*, 174 id. 26, 33; *Matter of City of New York [Park Lane South]*, 206 App. Div. 269.)

In our judgment the structure in question was necessitated in no way by the location of the defendant's tracks at the point in question, nor by reason of its overhead bridge. It was required because of the topography and terrain at the point in question. We agree with defendant's contention that this structure would have been required even had defendant's tracks and overhead bridge not been already located in their present position. The construction was necessitated by various other facts, such as the natural elevation of thirty-five feet at Bronx River avenue on the east; the elevation of thirty-nine feet fixed for the New Haven; the elevation of thirty feet fixed by the War Department for the bridge over the river; the fact that West Farms road had an elevation of twelve feet; that DeVoe avenue, as a planned street, had an upper and lower grade of thirty-nine and eight feet respectively; and the natural elevation of forty-three feet of Boone avenue on the west.

Under such circumstances we do not think that the structure here in question, disproportionate in size and cost with the bridge over defendant's track and the width of its right-of-way, can be said to be a reasonable approach within the terms of defendant's franchise. The defendant, therefore, may not be charged with its entire cost of erection.

It follows, therefore, that the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., McAVOY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.