In the Matter of the CITY OF NEW YORK, Petitioner, against NEW YORK CENTRAL RAILROAD COMPANY et al., Respondents.

Supreme Court, Special Term, Bronx County, May 3, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Francis J. Bloustein* and *Andrew Bellanca* of counsel), for petitioner.

*Frederick L. Wheeler* for New York Central Railroad Company, respondent.

*Gerald E. Dwyer* and *Edward R. Brumley* for Howard S. Palmer and others as trustees of the property of the New York, New Haven and Hartford Railroad Company, respondent.

HOFSTADTER, J. The City of New York brings this proceeding under article 78 of the Civil Practice Act to compel respondents New York Central Railroad Company and the trustees of New York, New Haven and Hartford Railroad Company to repair at their own expense the concrete support or abutment at the easterly end of the viaduct crossing respondents' tracks at East 241st Street, The Bronx.

To effectuate some grade crossing eliminations and a consequent relocation of the railroads' tracks, the Public Service Commission ordered the respondents on August 3, 1915, to

construct the bridge at a cost to be apportioned pursuant to section 94 of the Railroad Law. The structure, completed in December of 1930, is about 998 feet long. It passes over approximately 545 feet of the respondents' rights of way in the Bronx River Valley floor at 241st Street, thence over the adjoining land and streets to the easterly abutment, and then about 155 feet to Carpenter Avenue.

Concededly, the concrete abutment supporting the easterly end of the viaduct is in urgent need of repair. Displacement and overlapping have occurred at one wing, indicating that that crack extends through the entire thickness of the abutment.

On December 17, 1943, the City served its third written demand upon the railroads to repair the easterly abutment, asserting that the latter are duty-bound to maintain and repair the framework and abutments of the entire structure. The railroads, in writing, have refused to make the repairs, contending that their duty of maintenance was confined to that section of the viaduct which carries the highway over their tracks.

The issue presented, then, is whether the railroads are required to maintain and repair the entire structure exclusive of the roadway and approaches, or whether the railroads' duty is limited to that portion of the structure immediately over their right of way.

By chapter 754 of the Laws of 1897 the Legislature enacted the grade crossing provisions of the Railroad Law (now Railroad Law, §§ 89–99) which regulate the entire subject of railroad and highway crossings. The obvious purpose of this legislation was to eliminate the danger inherent in the crossing of a railroad at grade, to the mutual benefit of the railroads and the community. A complete system governing the construction and maintenance costs was devised, based upon the respective obligations of the municipality and the railroads.

The pertinent provision of section 93 of the Railroad Law reads: " When a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad corporation, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated  *  *  *."

The abutment at the easterly terminus of the bridge here considered comes squarely within Webster's definition: " abutment.  *  *  *  of a bridge, the support at either extreme end." (Webster's New International Dictionary [2d ed.].)

Accordingly, in the legislative scheme for grade crossing eliminations, the easterly abutment is 'not a bridge approach, as contended for by the railroads, but rather, in the language of section 93 of the Railroad Law, a section of " the framework of the bridge and its abutments [which] shall be maintained and kept in repair by the railroad corporation * * * ". (See *City of New York* v. *New York and H. R. Co.,* 169 N. Y. S. 12, 15, affd. 179 App. Div. 884; *Matter of City of New York [Park Lane South],* 206 App. Div. 269; *Matter of Town of Brant, etc., Grade Crossings,* 252 App. Div. 404, affd. 280 N. Y. 495.)

The respondents' additional objection that this proceeding is barred by the Statute of Limitations is devoid of merit.

Application is granted. Settle order.