REALIS DEVELOPMENT, LLC, Appellant, v FRANK NEU-BERGER et al., Respondents. [774 NYS2d 787]—

In an action, inter alia, for a judgment declaring that certain restrictive covenants in deeds to property owned by the plaintiff were not enforceable, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), dated February 5, 2003, which, inter alia, denied its motion for summary judgment, granted the cross motion of the defendants Frank Neuberger, Jose I. Vargas, Ileana Ferrer-Vargas, Allan Morjikian, Donna Morjikian, Diana Cortez, Anthony Cioppa, Brenda Cioppa, William J. Gordon, Diane M. Gordon, Julia R. Bay, and Harold Michal-Smith, Trustee of the Harold Michal-Smith Living Trust, for summary judgment on their first counterclaim, and declared that the restrictive covenants were enforceable.

Ordered that the order and judgment is affirmed, with costs.

A lot in a subdivision was conveyed to W. Everett Orser and subsequently, the remaining 31 lots in the subdivision were conveyed to him. Each deed, which was recorded, contained a restrictive covenant limiting the use of the property to "one residence." Orser's predecessor in title had filed a subdivision map for the development called "The Plantation" with the Westchester County Clerk. Orser or his executrix subsequently conveyed the various lots in the subdivision. All but two of the deeds provided that the conveyances were "subject to covenants and restrictions of record." The plaintiff, the present owner of 19 of the lots, proposed to construct multi-family attached residences on its property. Consequently, it commenced this action seeking, among other things, a judgment declaring that the restrictive covenants were extinguished by Orser's single ownership of the lots. The individual defendants (hereinafter the respondents), the owners of the remaining 13 lots, asserted a counterclaim for a judgment declaring that the covenants are enforceable. The Supreme Court denied the plaintiff's motion

for summary judgment and granted the respondents' cross motion for summary judgment on their first counterclaim.

. When Orser ultimately acquired all of the lots in the subdivision, he was free to use the property unrestricted by the covenants (*see Korn v Campbell,* 192 NY 490, 496 [1908]). However, he chose to reimpose the restrictive covenants, which are of benefit to all the property owners in the subdivision, by making the lots subject to restrictions of record. Under the circumstances, the Supreme Court properly concluded that the restrictive covenants were enforceable (*see Chesebro v Moers,* 233 NY 75, 80-81 [1922]; *Westmoreland Assn. v West Cutter Estates,* 174 AD2d 144, 151-152 [1992]; *Graham v Beermunder,* 93 AD2d 254 [1983]; *Gordon v Incorporated Vil. of Lawrence,* 84 AD2d 558 [1981], *affd* 56 NY2d 1003 [1982]; *compare Korn v Campbell, supra*). The fact that two of the deeds do not contain the restriction is not determinative (*see Graham v Beermunder, supra*). Notably, all of the deeds in the plaintiff's chain of title contained the restriction.

The plaintiff's remaining contentions are unpreserved for appellate review or without merit. Altman, J.P., Florio, Smith and Rivera, JJ., concur.