■ ANNE DENISSE HIDALGO, Respondent, v 4-34-68, INC., et al., Defendants, and KAREN BRYANT, Appellant. [984 NYS2d 798]— In an action, inter alia, to enforce a restrictive covenant, the defendant Karen Bryant appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated February 8, 2012, as denied those branches of her motion which were for summary judgment dismissing the fourth and fifth causes of action and granted the plaintiff's cross motion for summary judgment on those causes of action.

In an action, inter alia, to enforce a restrictive covenant, the defendant Karen Bryant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Orange County (Bartlett, J.), dated January 8, 2013, as, upon an order of the same court dated February 8, 2012, denying those branches of her motion which were for summary judgment dismissing the fourth and fifth causes of action and granting the plaintiff's cross motion for summary judgment on those causes of action, is in favor of the plaintiff and against her.

Ordered that the judgment is modified, on the law, by deleting decretal paragraphs 5 through 10, 14, and 15; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff and the defendant Karen Bryant own adjoining parcels of property within a subdivision planned and developed by the defendant 4-34-68, Inc. (hereinafter the Grantor). The

subdivision consists of four lots. Bryant purchased her lot, designated lot number 4, in 2007. The plaintiff purchased her lot, designated lot number 2, in 2005, and the recorded deed for that property contained a restrictive covenant which required, among other things, that she obtain approval from the Grantor regarding building height, design, landscaping, and location, prior to erecting her residence. This same covenant was found in the deed recorded with lot number 3, but the deed recorded with lot number 4, Bryant's property, contained a different covenant. The deed recorded with Bryant's property, rather than employing this language, included a restriction which stated that her house was to be "located per attached plan." That attached plan, which was recorded with the deed, showed, among other things, the proposed house as set back 45 feet from the property line shared with the plaintiff's lot.

After Bryant obtained a building permit and staked out the location for her foundation footings, the plaintiff contacted the Grantor and reported that the foundation footings had been staked too close to the shared property line in violation of the restrictive covenant in Bryant's deed. The plaintiff thereafter notified Bryant and the building inspector. The building inspector issued an advisory notice indicating that the location of the foundation, which was 33 feet from the property line, was inconsistent with the building permit and advising Bryant that further construction without approval of the altered plans would be at her own risk. Later, after the plaintiff reported that work was still proceeding, the building inspector issued a stop work order directing Bryant to cease all construction. The plaintiff commenced the instant action, among other things, to enforce the restrictive covenant contained in the deed recorded with Bryant's property and to enjoin Bryant from erecting a house in violation of that covenant.

In May 2008, the building inspector issued another building permit, allowing the work to continue. Although the plaintiff challenged that action in a proceeding pursuant to CPLR article 78, the proceeding ultimately was dismissed. In the meantime, Bryant filed a pre-answer motion to dismiss the instant complaint insofar as asserted against her. The Supreme Court granted that motion in part and denied it in part, concluding, inter alia, that dismissal of the plaintiff's fourth and fifth causes of action, which sought injunctive relief, was not warranted. After discovery, Bryant moved for summary judgment dismissing these remaining causes of action and the plaintiff cross-moved for summary judgment on those causes of action.

Initially, we reject Bryant's assertion that the plaintiff lacked

standing to commence this action. As the Supreme Court properly found, the evidence clearly and definitively shows that the restrictive covenant in Bryant's deed was part of a common development scheme created for the benefit of all property owners within the subdivision. As such, the plaintiff has standing to enforce the restrictive covenant at issue (*see Dever v DeVito*, 84 AD3d 1539, 1542 [2011]; *Realis Dev. v Neuberger*, 6 AD3d 599, 600 [2004]; *Westmoreland Assn. v West Cutter Estates*, 174 AD2d 144, 151 [1992]; *Graham v Beermunder*, 93 AD2d 254, 258 [1983]).

We further reject Bryant's assertion that the Supreme Court erred in declining to dismiss the causes of action seeking injunctive relief on the ground that they had been rendered academic. As the plaintiff correctly argues, those causes of action were not rendered academic, despite the substantial completion of the home (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729 [2004]; *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002]). Under the circumstances, the plaintiff acted promptly in commencing this action and Bryant was put on notice that if she proceeded with construction, she would do so at her own risk (*see Matter of Village of Chestnut Ridge v Town of Ramapo*, 99 AD3d 918, 925 [2012]; *Matter of Lucas v Board of Appeals of Vil. of Mamaroneck*, 57 AD3d 784, 786 [2008]; *Matter of Silvera v Town of Amenia Zoning Bd. of Appeals*, 33 AD3d 706, 708 [2006]).

On the merits, we find that the Supreme Court properly granted the plaintiff's cross motion for summary judgment. The law has long favored free and unencumbered use of real property, and covenants restricting use are "strictly construed against those seeking to enforce them" (*Witter v Taggart*, 78 NY2d 234, 237 [1991]; *see Dever v DeVito*, 84 AD3d 1539, 1542 [2011]). "[C]ourts will enforce such restraints only where the party seeking enforcement establishes their application by clear and convincing evidence" (*Dever v DeVito*, 84 AD3d at 1542; *see Witter v Taggart*, 78 NY2d at 238; *Huggins v Castle Estates*, 36 NY2d 427, 430 [1975]; *Van Schaick v Trustees of Union Coll.*, 285 AD2d 859, 860 [2001]). Here, the plaintiff established, prima facie, that the restrictive covenant was applicable and that Bryant's construction violated that restrictive covenant insofar as the side setback distances were concerned. In opposition to this prima facie showing, Bryant failed to raise a triable issue of fact (*see Dever v DeVito*, 84 AD3d at 1543). Accordingly, the Supreme Court properly granted the plaintiff's cross motion for summary judgment.

Bryant correctly points out that the judgment is erroneous in form. In order to avoid confusion, "a judgment should express its true legal effect and the precise relief awarded" (*Benadon v Antonio*, 10 AD2d 40, 43 [1960]). However, it is improper to include findings of fact or conclusions of law in the judgment (*see Seaside Home for Crippled Children, Inc. v Atlantic Beach Assoc.*, 241 NY 550, 550 [1925]; *Bianchi v Leon*, 218 NY 646, 647 [1916]; *Lehigh Val. R.R. Co. v Canal Bd.* 204 NY 471, 477 [1912]; *Porter v International Bridge Co.*, 200 NY 234 [1910]). Here, decretal paragraphs 5 through 10, and paragraph 14 contain either findings of fact, conclusions of law, or both, and, in each instance, these findings of fact and/or conclusions of law are preceded by the words "Ordered, Adjudged, and Decreed." These paragraphs should not be in the judgment and must be stricken (*see Lehigh Val. R.R. Co. v Canal Bd.*, 204 NY at 477).

Further, decretal paragraph 15 provides that the court "reserves the right . . . to add to this judgment such other and further provisions as this Court may deem necessary and proper to carry out and to effectuate the provisions of this judgment." Since this paragraph undermines the finality of the judgment, and since a trial court has no revisory or appellate jurisdiction to correct by amendment errors in substance affecting the judgment (*see Shroid Constr. v Dattoma*, 250 AD2d 590, 593 [1998]), this paragraph must be stricken as well.

Bryant's remaining contentions are without merit. Eng, P.J., Rivera, Hall and Lott, JJ., concur.