JOHN H. GORDON, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Fourth Department, July 1, 1921.

Constitutional law — validity of Knight Act (Laws of 1919, chap. 459) — part of statute may be held constitutional though remainder invalid — provision authorizing cancellation of war contracts and conferring jurisdiction on Court of Claims to determine increased cost is valid — claims arising on cancellation of uncompleted contracts,

The Knight Act (Laws of 1919, chap. 459) providing for the cancellation on the application of the contractor of war contracts theretofore executed by the State Commission of Highways and the waiver of any and all claims against the State for damages and anticipated profits, accompanied by waiver and release by the surety of any uncollected premiums on the contractor's bond, and making provision for compensating the contractor for work done under the contract before its cancellation, and conferring jurisdiction on the Court of Claims to hear all claims for alleged increase in the cost of labor, materials and transportation and to determine the increased cost, whether the whole or a part, which is properly chargeable against the State and such portion, if any, which may be paid by any subdivision of the State, and to render judgment against the State for the sum so determined, but not for a greater amount than a certain per cent of the contract price, is constitutional and valid.

The provision in such act conferring jurisdiction on the Court of Claims to hear all claims for alleged increase in the cost, as to contracts which have been completed, and for which final payment has been made, if unconstitutional and void, as to which no opinion is expressed, does not invalidate the provisions in reference to uncompleted contracts.

While the Legislature may not recognize claims founded only upon gratitude or charity, it may recognize claims founded in equity and justice, and in passing the act in question the Legislature recognized claims arising on the cancellation of uncompleted contracts to be of that character.

Moreover, the claim in question is not only a moral obligation against the State but a legal claim as well, for it is not founded upon the contract alone, but upon the cancellation of the contract, and the release and waiver by the contractor and his surety; it grants no extra compensation and provides only for the auditing and payment of a just claim.

The limitation in said act to the effect that a judgment cannot be rendered for a greater amount than a certain per cent of the contract price is not in violation of section 19 of article 3 of the Constitution, prohibiting the Legislature from auditing and allowing private claims against the State,

for the exact amount of recovery is not thereby fixed, but jurisdiction is conferred upon the Court of Claims to determine the amount to which the claimant is justly entitled.

APPEAL by the claimant, John H. Gordon, from an order of the Court of Claims, entered in the office of the clerk of said court on the 14th day of February, 1921, and also from a judgment entered upon said order in said clerk's office on the 10th day of March, 1921, dismissing the claim of said claimant.

*Brackett, Todd, Wheat & Wait* [*B. P. Wheat* and *E. R. Shepard* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*Arthur E. Rose, Third Deputy Attorney-General,* of counsel], for the respondent.

KRUSE, P. J.:

Claimant had a contract for constructing a State highway. It was terminated under the Knight Act (Laws of 1919, chap. 459). He makes claim against the State under that act to recover pay for work done under the contract before its cancellation. The learned Attorney-General contends, and the Court of Claims held that the act is unconstitutional and dismissed the claim.

The act applies to war contracts, which are defined by section 1 of the act to mean any contract theretofore executed by the State Commission of Highways on behalf of the State, either for the construction or improvement, or for the repair or maintenance of State or county highways, made prior to April 6, 1917, the date of declaration of war between this country and the Imperial German Government, or after that date, on bids submitted to the Commission before that date, and wherein the date of final completion, either as originally specified or subsequently extended by law, either expressly or by implication, was on or after April 6, 1917, " including also those contracts which now are or hereafter may be canceled or abrogated for nonperformance and which by their terms are included within the provisions of this section."

The contract in question was entered into October 29, 1915. It was made with the State Commission of Highways for the improvement of a county highway in the county of Cayuga. Concededly it is within the terms of the act.

Section 2 of the act authorizes and directs the State Commissioner of Highways to enter an order terminating any war contract and releasing the contractor and his surety on the bond from further obligation or responsibility thereunder, provided the contractor has not violated the contract prior to April 6, 1917, by any unreasonable delay in its performance, or other substantial breach of the provisions other than the failure to complete the same; and provided further, that the contractor and the surety shall within thirty days after the date when the act becomes effective, execute in a form to be approved by the Attorney-General and file in the office of the State Commission of Highways a request for such termination and a waiver of any and all claims against the State for damages and anticipated profits, accompanied by a waiver and release by the surety of any uncollected premiums on the contractor's bond.

Section 3 of the act requires the Commissioner, upon the filing of such request and waivers, to prepare a final account of all labor performed and material furnished by the contractor at the contract unit prices, and after deducting previous payments, directs payment of the balance.

Section 4 applies the act also to war contracts which have been suspended under the provisions of the Highway Law as therein stated.

Section 5 provides for completing the work of the contract so terminated.

Section 6 provides as follows: " Jurisdiction is hereby conferred upon the Court of Claims to hear all claims for alleged increase in the cost of labor, materials or the transportation of materials incurred after April sixth, nineteen hundred and seventeen, in the doing and performance of war contracts which have been completed, accepted and for which final payment has been made, including contracts advertised for letting between April sixth, nineteen hundred and seventeen, and April seventeenth, nineteen hundred and seventeen, on estimates prepared by the Department of Highways prior to April sixth, nineteen hundred and seventeen, and also of any war contract terminated under the provisions of this act. The Court of Claims shall determine the increased cost, whether the whole or a part, which is properly chargeable

against the State and the portion of such increased cost, if any, which may be paid by a subdivision or subdivisions of the State as hereinafter provided on the basis on which the State and the subdivisions of the State were obligated to pay for the work done under the contract and render judgment against the State for the amount so determined as chargeable to the State, which judgment shall be paid as other judgments against the State are paid. No judgment shall be rendered, however, for an amount greater than thirty-five per centum of the contract price of labor, materials and the transportation of materials furnished or supplied during the year nineteen hundred and seventeen, nor greater than fifty per centum of the contract price of labor, materials and transportation of materials furnished or supplied during the year nineteen hundred and eighteen. No claim for relief under this section shall be maintained against the State unless the claimant shall file his claim within six months after his right of action shall accrue under the provisions of this act. Any subdivision of the State is authorized and empowered to raise by taxation or by an issue of its obligations such an amount as may have been found by the Court of Claims to be the proportion which said subdivision may pay for the increased cost as so determined, and to pay said amount to the contractor entitled to receive the same."

Section 7 provides that nothing contained in the act shall prevent the State Commissioner from proceeding in accordance with a certain section of the Highway Law therein named with respect to any contract where the same is neither progressed, nor application for its termination filed as provided in the act.

Section 8 makes an appropriation to meet the State's share of the excess cost of completion of the work, and provides for raising the amount to be paid by a county or other political subdivision.

As we have seen, section 6 confers jurisdiction upon the Court of Claims to hear claims arising out of war contracts which have been completed, accepted and paid, as well as out of war contracts terminated under the provisions of the act to which class this claim belongs.

We are not concerned with claims arising out of completed contracts, because, even if the provisions of the act relating

to such claims are contrary to the provisions of the Constitution, it would not necessarily make the entire act unconstitutional. The act may nevertheless be a valid exercise of legislative power so far as it relates to claims arising out of contracts terminated as is provided in the act. (*Lawton* v. *Steele,* 119 N. Y. 226, 241; *Matter of New York & Long Island Bridge Co.,* 148 id. 540, 553, 554.)

While the Legislature may not recognize claims founded only upon gratitude or charity (State Const. art. 8, §§ 9, 10; Id. art. 3, § 28), it may recognize claims founded in equity and justice. (*Lehigh Valley R. R. Co.* v. *Canal Board,* 204 N. Y. 471, 475; *Babcock* v. *State of New York,* 190 App. Div. 147; affd., 231 N. Y. 560.) And in passing the act the Legislature recognized claims of this kind to be of that character. (*People ex rel. Hallock* v. *Hennessy,* 205 N. Y. 301, 305; *Babcock* v. *State of New York, supra.*)

I think this claim is not only a moral obligation against the State, but a legal claim as well. It is not founded upon the contract alone, but upon the cancellation of the contract and the release and waiver of the contractor and his surety. It grants no extra compensation. (*Cole* v. *State of New York,* 102 N. Y. 48.) It only provides for auditing and payment of a just claim.

It is said that this act does not authorize the Court of Claims to audit and determine the claim, but that the Legislature itself assumed to audit and allow the same, which is contrary to the Constitution (Art. 3, § 19).

Section 6 of the act not only authorizes the Court of Claims to hear claims of this character, but declares that the Court of Claims shall determine the increased cost, whether the whole or a part, which is properly chargeable against the State, and such portion, if any, which may be paid by a subdivision or subdivisions of the State, as provided in the act, and render judgment against the State for the amount so determined, but not greater than a certain per cent of the contract price as therein provided. This last provision is a mere limitation upon the amount recoverable by a claimant where the contract is canceled upon his request.

In the *Hallock* case, where a similar question was raised,

it was said: " The statute should. receive a reasonable con-
struction, so as to give effect to the object of the Legislature,
and if the meaning is doubtful, such a construction, if possible,
as will not lead to unreasonable results."

I am of the opinion that it was perfectly competent for the
Legislature to authorize the cancellation of contracts of this
character and to make provision for compensating the con-
tractor for the work done under the contract before its cancel-
lation, and that it offends no provision of the Constitution.

We do not pass upon the constitutionality of the act, so far
as it relates to claims arising under completed contracts.
The determination of that question is not necessary.   We hold
that the act, so far as it relates to claims terminated under the
provisions of the act, is constitutional, and that the act
authorizes the Court of Claims to audit and allow the same.

The judgment of the Court of Claims should be reversed
and a new trial granted, with costs to the appellant to abide
the event.

All concur.

Judgment and order reversed and new trial granted, with
costs to appellant to abide event.