JOHN H. GORDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22394. Promulgated June 12, 1929.

*Benjamin McClung, Esq., B. B. Pettus, Esq.,* and *Wilton H. Wallace, Esq.,* for the petitioner.

*J. E. Marshall, Esq.,* and *C. A. Ray, Esq.,* for the respondent.

OPINION.

MARQUETTE: In the petition filed herein it is alleged that:

\*   \*   \*   \*   \*   \*   \*

4. The determination of tax set forth in said notice of deficiency is based upon the following errors:

(a) The Commissioner has committed error in eliminating as a deduction in the computation of net income the sum of $20,000 heretofore claimed upon the original return.

5. The facts upon which the petitioner relies as the basis of this proceeding are as follows:

(a) Petitioner is a contractor and prior to the taxable year was engaged in building roads for the State of New York. Taxpayer carried on its books as an account receivable an item of $20,000, representing additional cost of work performed under contract. A suit against the State to recover said amount was decided adversely to taxpayer, reversed on appeal by the Appellate Division, and finally decided against the taxpayer by the Court of Appeals in the year 1922. In that year taxpayer recognized the account as uncollectible and charged it off. Petitioner contends that a loss of $20,000 was thereupon sustained, which item is that now in controversy.

\*   \*   \*   \*   \*   \*   \*

These allegations are denied by the respondent. It appears from the petitioner's return for 1922 that the loss or bad debt mentioned in the petition grew out of a contract concerning road No. 1519.

The evidence in this case consists of the testimony of the petitioner, which was taken by deposition, his income-tax return for 1922, and the opinion and decision of the Court of Appeals of the State of New York in the case of *Gordon* v. *State*, 233 N. Y. 1; 134 N. E. 698. The petitioner testified that on November 10, 1915, he entered into a contract with the State of New York for the construction of county highway No. 1327, Cayuga County, New York; that said contract provided that the work should be completed by November 15, 1916, but that extensions were granted from time to time so that the date finally fixed for completion of the contract was June, 1919; that work was done under said contract during the years 1916 and 1917, but no work was done after that year because of the war and the difficulty of obtaining labor; that in the year 1916 there

were entered in the profit and loss account on the petitioner's books on account of said contract a credit item of $8,442.38 and a debit of $12,269.71, and in the year 1917, a credit of $13,888.09 and a debit of $29,435.03, making a total credit of $22,330.47 and a total debit of $41,704.74, thus showing a net loss of $19,374.27 for the years 1916 and 1917 under said contract; that in 1919 the Legislature of the State of New York enacted the Knight Act, chapter 459 of the Laws of 1919, which provided for the cancellation of certain highway contracts and the awarding by the Court of Claims of damages or losses sustained thereunder; that the petitioner's contract covering road No. 1327 was canceled in 1919; that the petitioner subsequently filed a claim for the amount of his loss with the Court of Claims, which decided adversely to him; that the judgment of the Court of Claims was reversed by the Appellate Division of the Supreme Court of the State of New York; that the judgment of the Appellate Division of the Supreme Court was reversed by the Court of Appeals of the State of New York, and that the said amount of $19,374.27 became a loss or deductible as a bad debt in that year. He also testified that he did not know whether his books were kept on the cash receipts and disbursements basis, or on the accrual basis, and that to the best of his recollection and belief he did not claim said loss in his return of income for 1916 and 1917.

At the hearing counsel for the petitioner stated that there was evidently a typographical error in the transcript of the petitioner's testimony, and that the contract referred to therein related to road No. 1307.

In the case of *Gordon* v. *State*, 196 App. Div. 589; 190 N. Y. Sup. 107; and 233 N. Y. 1; 134 N. E. 698, it appears that petitioner entered into a contract with the State of New York for improving part of county highway No. 1307 in the County of Cayuga; that in June, 1919, the contract was terminated by the Commissioner of Highways of the State of New York under the Knight Act; that the petitioner filed a claim against the State of New York for $10,139.99 additional compensation under said contract; that said claim was dismissed by the Court of Claims; that the judgment of the Court of Claims was reversed by the Appellate Division of the New York Supreme Court; and that the judgment of the Appellate Division was reversed by the Court of Appeals of the State of New York and the judgment of the Court of Claims ordered reinstated. The Court of Appeals held that the Knight Act was unconstitutional.

It is clear from the record that the contract and the alleged loss concerning which the petitioner testified are not the same as the contract and the loss referred to in the petition and the petitioner's return of income for 1922. There is no evidence before us to support

he allegations of the petition, and the evidence relative to any loss under contract No. 1307 is not sufficiently clear and definite to enable us to allow any loss thereon in 1922, even if, in view of the pleadings, we would be warranted in so doing.

*Judgment will be entered for the respondent.*